**George C. HUFF, Plaintiff-Appellee,**

v.

**George Earl PHARR,
Defendant-Appellant.**

**No. 84–3396
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 19, 1984.

H. Leon Holbrook, III, Jacksonville, Fla., for defendant-appellant.

Robert Aguilar, Jacksonville, Fla., for plaintiff-appellee.

**1554**

Before RONEY, FAY and JOHNSON, Circuit Judges.

PER CURIAM:

Defendant appeals from an order entered by the United States District Court for the Middle District of Florida granting plaintiff's motion for summary judgment in a suit to domesticate a previous judgment obtained against defendant in a California state court. The issue on appeal is whether the defendant had sufficient contacts with the state of California for the state court to exercise personal jurisdiction. We conclude that the requisite minimum contacts were present and affirm the order granting summary judgment.

Plaintiff, a California resident, brought his first suit against defendant in a California state court in 1972. The defendant, who was and continues to be a Florida resident, filed a counterclaim and defended on the merits, only to suffer a final judgment in favor of the plaintiff on both the complaint and the counterclaim in 1975. Defendant appealed to the California Court of Appeals, which affirmed the judgment for plaintiff in 1977.

The defendant failed to pay the state court judgment, and in 1981 plaintiff brought a diversity suit in the United States District Court for the Middle District of Florida to domesticate the 1975 judgment. By stipulation of the parties, however, this action was dismissed without prejudice. Florida's five-year limitations period governing suits to domesticate foreign judgments had expired. Fla.Stat.Ann. § 95.11(2)(a) (West 1982).

Plaintiff then unsuccessfully sought to renew the 1975 state court judgment in the United States District Court for the Northern District of California. By stipulation of the parties, this action was dismissed in 1982 for failing to state a claim upon which the federal district court could grant relief.

Later in 1982, the plaintiff returned to the state courts of California and sued to renew the 1975 judgment, which remained valid under California statute for ten years from the date of its entry. Cal.Code Civ. Proc. § 681. The defendant did not appear and contest this second state court action, and upon default the state court entered a new final judgment for the plaintiff. The plaintiff next sought to domesticate this judgment in the United States District Court for the Middle District of Florida within the five-year limitations period as required under Florida law. The defendant then collaterally attacked the jurisdiction of the California court in the second state court action, alleging that he owned no property in California and had had no contacts with the state since his involvement in the first state court action. The district court rejected this defense and entered summary judgment for the plaintiff.

██ The defendant argues on appeal that the plaintiff should not be permitted to return to a California state court, renew a prior judgment, and thereby evade Florida's statute of limitations for domesticating a foreign judgment. This argument, however, is foreclosed by the Supreme Court's decision in *Watkins v. Conway*, 385 U.S. 188, 87 S.Ct. 357, 17 L.Ed.2d 286 (1966), which upheld the constitutionality of a similar statute of limitations enacted by the State of Georgia because, as interpreted by Georgia courts, the statute barred suit on a foreign judgment only if the plaintiff could not revive his judgment in the state where it was originally obtained. The *Watkins* Court noted that all the plaintiff needed to do was return to the state which entered the original judgment, revive his judgment, and then domesticate the new judgment within the five-year statutory period. This is exactly what the plaintiff in the instant appeal has done.

Not at issue in *Watkins*, however, was whether the court in which the plaintiff sought renewal could exercise personal jurisdiction over the defendant only in accordance with the same due process requirements that were operative in the original suit. In accordance with well-established principles of constitutional law, we assume for purposes of this appeal that, in a suit to renew a prior judgment, the due process requirement of minimum contacts between the defendant, the forum state, and the

cause of action must be met in order for the court properly to exercise jurisdiction over the defendant and enter a valid and enforceable judgment renewing the previous judgment. *See International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).

The narrow issue of this appeal is whether the defendant's participation in the original litigation and his connection with the State of California prior to that litigation satisfy the minimum contacts requirement. The defendant argues that so much time passed between the original litigation and the suit to renew the judgment, during which he had no contacts with the State of California, that it would "offend traditional notions of fair play and substantial justice" to hold him subject to the state court's jurisdiction a second time. *See International Shoe, supra,* 326 U.S. at 316, 66 S.Ct. at 158; quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940). The plaintiff counters by noting initially that the defendant's contacts with California were sufficient to support *in personam* jurisdiction in the first state action.[1] The defendant had "purposefully availed" himself of the privilege of litigating in California's state courts by filing a counterclaim [2] in that action and appealing the adverse judgment to the California Court of Appeals. *See Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). Further, the plaintiff contends that the passage of time between the original California proceedings, which ended in 1977 with the affirmance by the California Court of Appeals,

and the 1982 suit to renew the original judgment was not of such length as to render it unfair to subject the defendant to the jurisdiction of the California court in the later suit, despite the lack of contacts between the defendant and California since the original proceedings.

We hold the defendant had the requisite minimum contacts with the State of California for the courts of that state to exercise personal jurisdiction over the defendant in the 1982 action. Such contacts were present when the original suit was filed in 1972. Over the next five years, the defendant made full use of the procedures available to him under California law by litigating a counterclaim and appealing an adverse judgment to a higher state court. The 1982 action involved a claim uniquely connected with the defendant's previous forum-related activities. Under these circumstances, we do not consider it unfair to require the defendant, when properly served, to submit again to the jurisdiction of the California courts in a suit based upon a judgment previously entered in an action involving the same claim. The district court's order granting summary judgment is AFFIRMED.

---

1. Of some relevance to the issue of the present appeal is the fact that the defendant unsuccessfully contested the California state court's exercise of *in personam* jurisdiction in this first round of litigation in state court. The California Court of Appeals affirmed the lower court's ruling that it had personal jurisdiction over the defendant, and the defendant did not appeal further. The present appeal is from a subsequent collateral attack on the *in personam* jurisdiction of the California state court in a *later* suit to renew the 1975 judgment, and our decision in no way relies on the res judicata effect of the first round of litigation.

2. The briefs and record on appeal do not reflect whether the defendant's counterclaim was permissive and unrelated to the subject matter of the plaintiff's original complaint or compulsory because it arose out of the same transaction or occurrence from which the plaintiff derived his claim. The latter might make this a closer case because the defendant could argue with some degree of persuasiveness that his utilization of California's courts was involuntary and thus he did not "purposefully avail" himself of the privilege of litigating in the forum state. Nevertheless, our decision would be the same.