691 So.2d 10 (1997)
S. Charles ADAMS, Appellant,
v.
Ann S. ADAMS, Appellee.
No. 95-3762.
District Court of Appeal of Florida, Fourth District.
March 12, 1997.
Rehearing Denied April 23, 1997.
S. Charles Adams, Fort Lauderdale, pro se.
*11 Charles D. Franken of Charles D. Franken, P.A., Plantation, for appellee.
WARNER, Judge.
The appellee filed an action on a judgment, and the trial court granted a final judgment in her favor. The appellant claims that appellee is not entitled to bring an action on a former judgment, thus extending the statute of limitations on the prior final judgment. We disagree and affirm.
In her complaint in 1993, appellee alleged that as part of a final dissolution of marriage she had recovered a judgment against appellant in Dade County in July of 1973 in the amount of $35,000, that she was still the owner and holder of the judgment, and that no part of the judgment had been paid. She requested that the court enter final judgment in her favor for the entire amount of the previous judgment plus interest.
Appellant moved to dismiss and alleged as an affirmative defense that a second action on a judgment is not contemplated. He basically contended that the life of a judgment is twenty years and cannot be extended by an action on a judgment. In entering judgment, the trial court rejected this argument, as we do.
In Crane v. Nuta, 157 Fla. 613, 26 So.2d 670 (1946), the court held that a judgment, whether domestic or foreign, constitutes a cause of action upon which a new and independent action may be based, citing to section 95.11(1), Florida Statutes, on limitations of actions on judgments. The facts of Crane show that a bank had recovered a judgment against the appellee, none of which had ever been paid, and the appellant, as a subsequent owner and holder of the judgment, filed an action on the judgment just short of the expiration of the statute of limitations. The supreme court reversed the dismissal of the suit by the trial court, holding that the appellant was entitled to bring an action on the judgment. Accord Whiteside v. Dinkins, 86 Fla. 261, 97 So. 517 (1923).
As is noted in 47 Am.Jur.2d Judgments § 945 (1995), the main purpose of an action on a judgment is to obtain a new judgment which will facilitate the ultimate goal of securing satisfaction of the original cause of action. "[I]f the statute of limitation period has almost run on the judgment ... the judgment creditor can start the limitation period anew by bringing an action upon the judgment and obtaining a new judgment." Koerber v. Middlesex College, 136 Vt. 4, 383 A.2d 1054, 1057 (1978). We agree with the pronouncement of the Vermont court.
We find no merit in the remaining points raised by the appellant, except as to the reservation for attorney's fees in the final judgment. The pleadings do not contain a request for attorney's fees which is essential to any award. See Stockman v. Downs, 573 So.2d 835 (Fla.1991). We therefore reverse the reservation to award fees.
Affirmed in part; reversed in part and remanded with directions to strike the reservation to award attorney's fees from the judgment.
KLEIN, J., and HAZOURI, FREDERICK A., Associate Judge, concur.