TODD A. WENER, Plaintiff v. PERRONE & CRAMER REALTY, INC. AND NICHOLAS A. PERRONE, Defendants

No. COA98-1580

(Filed 4 April 2000)

**Statute of Limitations— registration of foreign judgment— Full Faith and Credit**

The trial court erred by ordering that a Florida judgment in a fraud action had been properly domesticated in North Carolina where the Florida judgment was procured on 9 September 1987 and plaintiff sought to register that judgment in North Carolina on 1 July 1998, a date beyond the ten year limitation period of N.C.G.S. § 1-47(1) but within Florida's twenty year statute of limitations. North Carolina classifies statutes of limitation as procedural and the Full Faith and Credit Clause is not violated by imposition of forum state rules affecting procedural matters.

Appeal by defendants from order entered 14 October 1998 by Judge Marcus Johnson in Jackson County Superior Court. Heard in the Court of Appeals 6 October 1999.

*Henson & Paul, P.A., by Brian Philips, for plaintiff-appellee.*

*Hunter, Large & Sherrill, P.L.L.C., by William P. Hunter, III, for defendants-appellants.*

JOHN, Judge.

Defendants appeal the trial court's order providing that a foreign judgment in favor of plaintiff "has been properly domesticated" against defendants. We reverse the trial court.

WENER v. PERRONE & CRAMER REALTY, INC.

[137 N.C. App. 362 (2000)]

Pertinent facts and procedural history include the following:

Plaintiff Todd A. Wener initiated suit alleging fraud against defendants Perrone & Cramer Realty, Inc. and Nicholas A. Perrone in the state of Florida. Summary judgment in favor of plaintiff was entered 9 September 1987 in the Circuit Court of the Eleventh Judicial Circuit, Dade County, Florida (the Florida judgment), and plaintiff was awarded $180,000.00. Pursuant to the Uniform Enforcement of Foreign Judgments Act, N.C.G.S. §§ 1C-1701-1C-1708 (1999), plaintiff filed the Florida judgment in the Jackson County Office of the Clerk of Superior Court on 1 July 1998, coupled with an affidavit alleging the judgment remained unsatisfied and that interest had accrued at the rate of 12% per annum, the total amount due plaintiff thereby being calculated at $446,139.00.

Defendants filed a Notice of Defense to Foreign Judgment 24 July 1998 in accordance with G.S. § 1C-1705(a), pleading "the statute of limitations, [N.C.G.S. § 1-47(1) (1999)] as defense in bar of plaintiff's filing." G.S. § 1-47(1) prescribes a ten year period for commencement of actions "[u]pon a judgment or decree of any court of the United States, or of any state or territory thereof, from the date of its rendition." However, the statute of limitations for commencement of similar actions under Florida law is twenty years. Fla. Stat. Ann. § 55.081 (West 1994).

Following a hearing, the trial court issued an order 14 October 1998 providing that

[t]he Florida Statute of Limitations on a Judgment has a longer period than the North Carolina Statute of Limitations and the application of this Statute of Limitations would effectively shorten the time period for the validity of a Florida Judgment.

The Court hereby finds that [G.S. § 1-47(1)] would be unconstitutional as it applies to this out-of-state Florida Judgment as urged by defense counsel and that the ten (10) year Statute of Limitations does not apply . . . .

WHEREFORE, The Court hereby finds that the Judgment filed by the Plaintiff has been properly domesticated and that the Court hereby denies the Notice of Defense filed by the [defendants].

Defendants timely appealed.

The issue is whether the Constitution of the United States permits courts of this state to bar enforcement of foreign judgments upon

expiration of the ten year period specified in G.S. § 1-47(1) under circumstances where a lengthier limitation period for enforcement of judgments has been effected by the foreign jurisdiction rendering the judgment. Plaintiff understandably complains that, in light of Florida's twenty year statute of limitations, barring his North Carolina action to enforce the Florida judgment would not only violate the Full Faith and Credit Clause of the United States Constitution, but

> would [also] require any party to know the statute of limitations of all fifty (50) states [and] would place the burden upon the creditor to register his judgment in every state in which the Defendant might decide to relocate.

Although sympathetic with plaintiff's policy arguments, we conclude that application of G.S. § 1-47(1) in the instant circumstances withstands constitutional scrutiny.

Prior to commencing, we note G.S. § 1-47(1) affects foreign and domestic judgments alike. *See McDonald v. Dickson*, 85 N.C. 248, 251-52 (1881). Accordingly, we are not confronted with differing periods of limitation for foreign and domestic judgments whereby equal protection concerns might be implicated. *See* U.S. Const. amend. XIV, § 1; *compare Watkins v. Conway*, 385 U.S. 188, 189, 17 L. Ed. 2d 286, 288 (1966) (per curiam) (statute of limitations which discriminates against foreign actions "might well . . . violate[] the Federal Constitution"); *with Carter v. Carter*, 349 S.E.2d 95, 98 (Va. 1986) (Virginia statutes imposing ten year limitation period on foreign judgments and twenty year limitation period on domestic judgments do not violate Equal Protection Clause as foreign and domestic "creditors are not similarly situated").

The Full Faith and Credit Clause of the United States Constitution states that:

> Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State.

U.S. Const. art. IV, § 1. However,

> [i]t has long been established that the enforcement of a judgment of a sister state may be barred by application of the statute of limitations of the forum state. Application of the forum's statute of limitations entails no violation of the full faith and credit clause of the Constitution since such statutes are deemed to affect procedure only and not the substance of the action.

*Matanuska Valley Lines, Inc. v. Molitor*, 365 F.2d 358, 359-60 (9th Cir. 1966), *cert. denied*, 386 U.S. 914, 17 L. Ed. 2d 786 (1967) (citation omitted).

The *Matanuska* court relied upon an early United States Supreme Court holding that

> there is no direct constitutional inhibition upon the states, nor any clause in the Constitution from which it can be even plausibly inferred, that the states may not legislate upon the remedy in suits upon the judgments of other states, exclusive of all interference with their merits. It being settled that the statute of limitations may bar recoveries upon foreign judgments; that the effect intended to be given under our Constitution to judgments, is, that they are conclusive only as regards the merits; the common law principle then applies to suits upon them, that they must be brought within the period prescribed by the local law, the lex fori, or the suit will be barred.

*M'Elmoyle v. Cohen*, 38 U.S. (13 Pet.) 312, 328, 10 L. Ed. 177, 185 (1839).

In recent years, the United States Supreme Court has reexamined the *M'Elmoyle* decision and found it to be "sound." *Sun Oil Co. v. Wortman*, 486 U.S. 717, 722, 100 L. Ed. 2d 743, 752 (1988). In *Sun Oil*, the Supreme Court held a state "may apply its own procedural rules to actions litigated in its courts," *id.*, noting that statutes of limitation are recognized by most states as procedural rules, *id.* at 724-26, 100 L. Ed. 2d at 754-55. Although the Court commented that such characterization is not mandatory, *id.* at 729, 100 L. Ed. 2d at 756, North Carolina courts have consistently viewed statutes of limitation as procedural:

> [t]he plea of the statute [of limitations], in an action in our State on a judgment obtained in another State, is a plea to the remedy, and consequently the *lex fori* must prevail in such an action.

*Arrington v. Arrington*, 127 N.C. 190, 197, 37 S.E. 212, 214 (1900) (citing *M'Elmoyle*); *accord, Boudreau v. Baughman*, 322 N.C. 331, 335, 340, 368 S.E.2d 849, 854, 857 (1988) ("statutes of limitation are clearly procedural," therefore courts must apply the "lex fori, the law of the forum").

In *Arrington*, the plaintiff sought collection of alimony payments due from a North Carolina resident under an Illinois judgment. Our

Supreme Court held North Carolina's statute of limitations applied such that the

> sums adjudged in favor of the plaintiff which became due and collectible more than ten years before the institution of this action, are barred . . . .

*Arrington*, 127 N.C. at 198, 37 S.E. at 214.

A similar result was reached in *Powles v. Kandrasiewicz*, 886 F. Supp. 1261 (W.D.N.C. 1995), wherein a 1979 negligence judgment in favor of the plaintiff had been entered by an Alabama federal district court. Seeking to register the judgment in a North Carolina federal district court some sixteen years later, the plaintiff encountered the objection that North Carolina's ten year statute of limitations had expired. The district court, relying on *Matanuska* and *Arrington*, ruled that

> even though the present judgment has an effective life of twenty years under Alabama law, the ten-year statute of limitations imposed by North Carolina law bars Plaintiff from enforcing such judgment in this state.

*Powles*, 886 F. Supp. at 1268.

In the case *sub judice*, the Florida judgment was procured 9 September 1987 and plaintiff sought to register that judgment in North Carolina on 1 July 1998, a date beyond the ten year limitation period provided in G.S. § 1-47(1). Under the authorities cited herein, it appears that the Full Faith and Credit Clause of the United States Constitution would not be violated by imposition of forum state rules affecting procedural matters. *See Sun Oil*, 486 U.S. at 722, 100 L. Ed. 2d at 752. As North Carolina classifies statutes of limitation as procedural, *see Arrington*, 127 N.C. at 197, 37 S.E. at 214 and *Boudreau*, 322 N.C. at 340, 368 S.E.2d at 857, plaintiff's argument, *i.e.*, that application of G.S. § 1-47(1) under the instant circumstances is unconstitutional,-must fail, notwithstanding the twenty year limitation period under Florida law, *see Sun Oil*, 486 U.S. at 722, 100 L. Ed. 2d at 752; *Powles*, 886 F. Supp. at 1268.

In sum, the order of the trial court is reversed and this cause remanded for entry of judgment in favor of defendants on grounds that enforcement of the Florida judgment is barred by the applicable North Carolina statute of limitations. *See* G.S. § 1-47(1).

Reversed and remanded with instructions.

Judges LEWIS and McGEE concur.