788 So.2d 353 (2001)
Harry H. MARSH, Petitioner,
v.
Linda PATCHETT, Respondent.
No. 3D01-1053.
District Court of Appeal of Florida, Third District.
June 13, 2001.
*354 Siegfried, Rivera, Lerner, De La Torre & Sobel and Stuart H. Sobel, Coral Gables, for petitioner.
Linda Patchett, in proper person.
Before COPE, GODERICH and RAMIREZ, JJ.
PER CURIAM.
Harry H. Marsh petitions for a writ of prohibition. He contends that the trial court is without jurisdiction to entertain discovery in aid of execution after the underlying judgment has expired. We grant the petition.

I.
Plaintiff-respondent Linda Patchett obtained a judgment against defendant-petitioner Marsh effective December 2, 1980. The statute of limitations for a judgment is 20 years. § 95.11(1), Fla. Stat. (Supp.1980). Several months prior to the expiration of the twenty-year period, plaintiff propounded discovery in aid of execution but defendant did not respond.
On the last day of the twenty-year period, plaintiff filed a motion in the trial court to extend the judgment and requested that the defendant be held in contempt for failing to respond to discovery in aid of execution. The court issued an interlocutory order granting the extension of the judgment and requiring defendant to appear for deposition.
Defendant failed to appear for deposition and at a show cause hearing was ordered once again to appear for a deposition duces tecum. Defendant appeared at the deposition. Thereafter, plaintiff filed a motion for contempt alleging that defendant failed to produce certain documents at the deposition.
The trial court entered an order requiring defendant to appear to show cause why he should not be held in contempt for failure to produce records. Defendant filed a motion to dismiss the show cause order on the basis that the judgment had expired and that the trial court lacked jurisdiction. The court denied the motion, required the defendant to produce the documents not produced at the deposition, and ordered defendant to appear before the court to be sanctioned by fine or imprisonment should he fail to produce the documents.
Defendant has petitioned this court for a writ of prohibition. We grant the petition.

II.
The life of the original judgment was twenty years. § 95.11(1), Fla. Stat. (Supp.1980). Upon expiration of that period, execution proceedings directed to that judgment must cease. Young v. McKenzie, 46 So.2d 184, 186 (Fla.1950); 24A Fla. *355 Jur.2d Executions § 95 (1995). That being so, the proceedings for discovery in aid of execution, and contempt, relating to the 1980 judgment must cease.

III.
The next question we address is the effect of the plaintiff's motion to extend the judgment, and the trial court's interlocutory order granting that motion.
Under Florida law, a judgment is a chose in action. Adams v. Adams, 691 So.2d 10, 11 (Fla. 4th DCA 1997). The life of the judgment can be extended by bringing a new lawsuit on the judgment. Id. "[I]f the statute of limitations period has almost run on the [original] judgment ... the judgment creditor can start the limitation period anew by bringing an action upon the judgment and obtaining a new judgment." Id. (citation and internal quotation marks omitted). Once that occurs, that plaintiff can initiate discovery in aid of execution on the new judgment.
In this case, the plaintiff made a procedural error by filing a motion to extend the judgment in the original case, rather than filing a new civil action. The trial court entered an interlocutory order granting the motion, but has not entered a new judgment order.
Under the Florida Constitution, a cause is not to be dismissed simply because an improper remedy has been sought. Art. V, § 2(a), Fla. Const. The fact that the plaintiff sought relief by motion, rather than filing a new lawsuit, is not fatal to her claim. Her claim was timely filed before the twenty-year statute of limitations expired.
Under the intent of the constitutional provision and Florida Rule of Civil Procedure 1.010, we can treat the plaintiff's pleading as if the correct remedy had been sought. We do so here.
Upon remand, plaintiff's motion will be treated as a new action and should be set up under a new case number. Plaintiff shall be given leave to amend the motion to put it in proper formin the form of a complaintwhich will relate back to the date of filing. The net effect is that the old judgment is no longer enforceable but there is a timely-filed action on the judgment which remains pending. Upon entry of a new judgment, execution may proceed.

IV.
The writ of prohibition is granted as relates to execution and contempt proceedings directed to the 1980 judgment. The plaintiff may proceed with her suit on the judgment. Upon entry of a new judgment, she may proceed with execution thereon.
Prohibition granted.