PALM COAST RECOVERY CORP., A FLORIDA CORPORATION, PLAINTIFF v. NEIL R. MOORE AND DARLENE W. MOORE, DEFENDANTS

No. COA06-1217

(Filed 3 July 2007)

**Statutes of Limitation and Repose— foreign judgments—ten years**

The trial court erred by dismissing plaintiff's motion to register a 2005 Florida judgment based upon the statute of limitations, because: (1) plaintiff timely filed a new action in the courts of Florida in accordance with the law of that state to start the limitation period anew; (2) the pertinent 1990 judgment was extinguished by the 2005 judgment; (3) plaintiff's action under the Uniform Enforcement of Foreign Judgments Act was based upon the 2005 judgment and not the 1990 judgment; and (4) the filing in North Carolina was thus within the ten-year period prescribed by N.C.G.S. § 1-47.

Appeal by plaintiff from judgment entered 2 June 2006 by Judge J. Marlene Hyatt in Macon County Superior Court. Heard in the Court of Appeals 29 March 2007.

*Jones, Key, Melvin & Patton, P.A., by Jennifer Berger Brown, for plaintiff-appellant.*

*Collins & Hensley, P.A., by Joseph M. Collins, for defendant-appellees.*

STEELMAN, Judge.

Where a judgment creditor obtained a new judgment in 2005 in the State of Florida, based upon a previous 1990 judgment, an action to register the judgment in North Carolina pursuant to the Uniform Enforcement of Foreign Judgments Act was timely filed.

The facts of this case are gleaned from the cursory record filed in this matter. On 21 November 1990, Palm Coast Recovery Corp. ("plaintiff") obtained a money judgment in the County Court of Hillsborough County, Florida, against Neil R. Moore and Darlene W. Moore ("defendants"). On 17 August 2005, a second judgment was entered against defendants in the County Court of Hillsborough County, Florida, based on the 1990 judgment. The 2005 judgment recited that:

> Since this action is brought on a prior judgment dated November 21, 1990, which is now superceded by this final judgment, the November 21, 1990 final judgment, which was recorded in Official Record Book 6138, Page 1332, of the official records of Hillsborough County, Florida is declared to be null and void.

On 3 February 2006, plaintiff filed the 2005 judgment in the office of the Clerk of Superior Court of Macon County, North Carolina, together with a notice of filing pursuant to Article 17 of Chapter 1C of the North Carolina General Statutes (Uniform Enforcement of Foreign Judgments Act). Defendants filed an objection pursuant to N.C. Gen. Stat. § 1C-1705(a) based upon the applicable statute of limitations. On 30 May 2006, Judge J. Marlene Hyatt denied plaintiff's motion to register the judgment, holding that the judgment was "not legally enforceable, in that Plaintiff's claim is barred by the applicable North Carolina statute of limitations." Plaintiff appeals.

In its only assignment of error, plaintiff contends that the trial court erred in dismissing its motion to register the 2005 Florida judgment based upon the statute of limitations. We agree.

N.C. Gen. Stat. § 1-47(1) provides that an action based "[u]pon a judgment or decree of any court of the United States, or any state or

territory thereof" shall be brought within ten years from the date of its entry. This provision has been construed by our courts to apply to the enforcement of foreign judgments more than ten years old. *Wener v. Perrone & Cramer Realty, Inc.*, 137 N.C. App. 362, 364-66, 528 S.E.2d 65, 66-8 (2000). In *Wener*, we held that N.C. Gen. Stat. § 1-47 barred an action under the Uniform Enforcement of Foreign Judgments Act upon a Florida judgment that was over ten years old. *Wener*, at 366, 528 S.E.2d at 67-8. Under Florida law, an action on a judgment may be commenced within twenty years, Fla. Stat. § 95.11(1), rather than the ten year period provided for in North Carolina. Further, "[i]f the statute of limitation period has almost run on the judgment . . . the judgment creditor can start the limitation period anew by bringing an action upon the judgment and obtaining a new judgment." *Adams v. Adams*, 691 So. 2d 10, 11 (Fla. Dist. Ct. App. 1997) (citing *Koerber v. Middlesex College*, 383 A.2d 1054, 1057 (Vt. 1978)).

In this matter, plaintiff timely filed a new action in the courts of Florida, in accordance with the law of that State to "start the limitation period anew." The 1990 judgment was extinguished by the 2005 judgment. Plaintiff's action under the Uniform Enforcement of Foreign Judgments Act was based upon the 2005 judgment and not the 1990 judgment. The filing in North Carolina was thus within the ten-year period prescribed in N.C. Gen. Stat. § 1-47. The trial court erred in denying plaintiff's motion to register the 2005 Florida judgment.

The order of the trial court is reversed and this case is remanded to the trial court for registration of the 2005 Florida judgment in accordance with provisions of the Uniform Enforcement of Foreign Judgments Act.

REVERSED.

Judges BRYANT and LEVINSON concur.