964 So.2d 817 (2007)
COMMERCEBANK, N.A., Appellant,
v.
Howard E. TAYLOR, Appellee.
Nos. 3D06-2948, 3D06-2945.
District Court of Appeal of Florida, Third District.
September 19, 2007.
Rones & Navarro, and Victor K. Rones, North Miami Beach, for appellant.
Deborah Marks, Miami, for appellee.
Before GREEN, WELLS, and SUAREZ, JJ.
PER CURIAM.
Commercebank N.A., plaintiff in an action to enforce a promissory note, appeals an order declining to award interest on an attorneys' fee award, and an order finding that the statute of limitations tolls enforcement of a final judgment in Commercebank's favor against Howard E. Taylor. Because Taylor, the defendant/appellee, has conceded error on the first issue, we reverse that order.
*818 We affirm the order tolling enforcement of the final judgment. The trial court properly found that all execution directed at a judgment must cease at the expiration of 20 years from rendition of that judgment. § 95.11(1), Fla. Stat. (2007); Marsh v. Patchett, 788 So.2d 353 (Fla. 3d DCA 2001). Additionally, Taylor's absence from the jurisdiction did not toll the statute of limitations. See § 95.051(a), Fla. Stat. (2007). Service on Taylor was possible by publication, under section 49.011(9), Florida Statutes (2007). Commercebank did not do so. However, by this service, Commercebank need not have postponed its actions to enforce the judgment.
Affirmed in part.