WALLACE, Judge.
 

 This nonfinal appeal arises out of an action to renew a judgment brought by Edmund S. Whitson, Jr. (the judgment creditor), against C. Thomas Petersen (the judgment debtor). The judgment debtor, a Georgia resident, challenges the circuit court’s order denying his motion to dismiss the action for lack of personal jurisdiction.
 
 [1]
 
 Because an action to renew a judgment is merely a continuation of the original proceeding, the circuit court had continuing jurisdiction over the nonresident judgment debtor for the purpose of the judgment creditor’s action. Accordingly, we affirm the circuit court’s order.
 

 THE FACTS AND PROCEDURAL BACKGROUND
 

 In September 1988, Whitson
 
 &
 
 Whitson, P.A., a Florida professional association, filed an action in the Pinellas County Circuit Court against the judgment debtor.
 
 [2]
 
 When the original action was commenced, the judgment debtor was a resident of Florida, conducted business in Florida, and maintained an office in Florida. The judgment debtor was served with process and appeared pro se in the original action. He did not contest the circuit court’s jurisdiction over his person. On December 6, 1988, the circuit court entered a final summary judgment in favor of Whitson
 
 &
 
 Whitson, P.A., and against the judgment debtor for damages in the amount of $434,514.96. Subsequently, Whitson & Whitson, P.A., assigned the judgment to the judgment creditor.
 

 In June 2007, the judgment debtor left Florida and moved to Georgia. The judgment debtor has been a resident of Georgia since he left Florida.
 

 On April 25, 2008, the judgment creditor filed an action in the Pinellas County Circuit Court to renew the original judgment. In his complaint, the judgment creditor alleged the following pertinent matters: (1) the entry of the original judgment; (2) the judgment creditor’s ownership of the judgment by assignment from Whitson & Whitson, P.A.; (3) nonpayment of the judgment; (4) the amount of the balance
 
 *302
 
 due on the judgment with accrued interest; (5) the judgment debtor’s residence in Pi-nellas County when the original judgment was entered; (6) the judgment debtor’s current residence in Georgia; and (7) allegations supporting service on the judgment debtor outside the State of Florida under section 48.193, Florida Statutes (2007).
 

 After the judgment debtor was served with process in Georgia, he filed a motion to dismiss for lack of jurisdiction over the person and a supporting affidavit. The judgment debtor’s affidavit recited the facts concerning his relocation to Georgia and his current lack of any substantial contacts with Florida. In his motion, the judgment debtor argued that he was not a Florida resident and that he had not “done any act which would submit himself to the jurisdiction of the courts of the State of Florida!] pursuant to § 48.193, Fla. Stat. (2007)[,] or otherwise.”
 

 After a hearing, the circuit court ruled that it had jurisdiction over the judgment debtor at the time of the original action “and such jurisdiction continued to the filing of the instant (renewal ...) action.” Finding service against the judgment debtor under section 48.193 to be valid, the circuit court denied the judgment debtor’s motion to dismiss. This appeal followed.
 

 DISCUSSION
 

 “[A] judgment, whether domestic or foreign, constitutes a cause of action upon which a new and independent action may be based.”
 
 Crane v. Nuta,
 
 157 Fla. 613, 26 So.2d 670, 671 (1946). “[T]he main purpose of an action on a judgment is to obtain a new judgment which will facilitate the ultimate goal of securing satisfaction of the original cause of action.”
 
 Adams v. Adams,
 
 691 So.2d 10, 11 (Fla. 4th DCA 1997) (citing 47 Am.Jur.2d
 
 Judgments
 
 § 945 (1995)). The statute of limitations applicable to an action on a judgment or decree of a court of record in Florida is twenty years. § 95.11(1), Fla. Stat. (2007);
 
 Commercebank, N.A. v. Taylor,
 
 964 So.2d 817, 818 (Fla. 3d DCA 2007);
 
 Marsh v. Patchett,
 
 788 So.2d 353, 354 (Fla. 3d DCA 2001). “ ‘[I]f the statute of limitation period has almost run on the judgment ... the judgment creditor can start the limitation period anew by bringing an action upon the judgment and obtaining a new judgment.’ ”
 
 Adams,
 
 691 So.2d at 11 (alterations in original) (quoting
 
 Koerber v. Middlesex College,
 
 136 Vt. 4, 383 A.2d 1054, 1057 (1978)). By bringing a new action on the judgment, the life of the original judgment may be extended.
 
 See Marsh,
 
 788 So.2d at 355 (citing
 
 Adams,
 
 691 So.2d at 11).
 

 The writ of scire facias was formerly used in Florida to revive a dormant judgment so that execution could issue.
 
 [3]
 
 See
 
 Burshan v. Nat’l Union Fire Ins. Co. of Pittsburgh, Pa.,
 
 805 So.2d 835, 841 (Fla. 4th DCA 2001) (citing
 
 Spurway v. Dyer,
 
 48 F.Supp. 255, 258 (S.D.Fla.1942)).
 
 See generally
 
 Henry P. Trawick, Jr.,
 
 Florida Practice and Procedure
 
 §§ 25:16, 37:9 (2008-09) (explaining the function of the writ of scire facias). A proceeding by writ of scire facias to revive a judgment was regarded not as a new proceeding but rather as a continuation of the original action.
 
 See B.A. Lott, Inc. v. Padgett,
 
 153 Fla. 304, 14 So.2d 667, 669 (1943);
 
 Massey v. Pineapple Orange Co.,
 
 87 Fla. 374, 100 So. 170, 171 (1924).
 

 In our view, an action on a judgment, whether under a new complaint or
 
 *303
 
 by a writ of scire facias, is a continuation of the original action.
 
 See McGraw v. Parsons,
 
 142 Mich.App. 22, 369 N.W.2d 251, 252 (1985). From this premise, it follows that the court that rendered the judgment in the original action has continuing jurisdiction over the defendant in an action to renew the judgment.
 
 See Huff v. Pharr,
 
 748 F.2d 1553, 1555 (11th Cir.1984);
 
 Cadle Co. II, Inc. v. Fiscus,
 
 163 Cal.App.4th 1232, 78 Cal.Rptr.3d 238, 244 (2008);
 
 Kaylor v. Turner,
 
 210 Ga.App. 2, 435 S.E.2d 233, 235 (1993),
 
 disapproved, on other grounds by Okekpe v. Commerce Funding Corp.,
 
 218 Ga.App. 705, 463 S.E.2d 23, 25 (1995);
 
 Bank of Edwardsville v. Raffaelle,
 
 381 Ill. 486, 45 N.E.2d 651, 653 (1942);
 
 Bahan v. Youngstown Sheet & Tube Co.,
 
 191 So.2d 668, 671-72 (La.Ct.App.1966);
 
 Ewing v. Bolden,
 
 194 Mich.App. 95, 486 N.W.2d 96, 99 (1992);
 
 McGraw,
 
 369 N.W.2d at 252;
 
 Duffy v. Hartsock,
 
 187 Va. 406, 46 S.E.2d 570, 574 (1948). Thus the circuit court had continuing jurisdiction over the judgment debtor and properly denied his motion to dismiss.
 

 Affirmed.
 

 WHATLEY and LaROSE, JJ., Concur.
 

 [1]
 

 . This court has jurisdiction in accordance with Florida Rule of Appellate Procedure 9.130(a)(3)(c)(i).
 

 [2]
 

 . The statement of the facts and procedural background is taken from the circuit court’s order and the documents provided by the. judgment debtor in the appendix to his initial brief.
 

 [3]
 

 . Relief that was formerly available by scire facias may now be obtained by motion after notice.
 
 See
 
 Fla. R. Civ. P. 1.100(d).