An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e  P r o c e d u r e .

NO. COA13-820
NORTH CAROLINA COURT OF APPEALS

Filed:  4 February 2014


NATIONAL ENTERPRISES
INCORPORATED, a California
corporation,
    Plaintiff,

    v.                                Orange County
                                      No. 12 CVS 1841
JOHN W. HUGHES a/k/a JOHN W.
HUGHES, III and KATHRYN HUGHES
a/k/a KATHRYN H. HUGHES,
    Defendants.


Appeal by defendants from order entered 12 April 2013 by Judge Robert H. Hobgood in Orange County Superior Court.  Heard in the Court of Appeals 9 December 2013.


> *Vann Attorneys, by James A. Beck, II, for plaintiff-appellee.*

> *Northen Blue, LLP, by David M. Rooks, for defendants-appellants.*


MARTIN, Chief Judge.


Defendants John W. Hughes, III and Kathryn H. Hughes appeal from an order granting plaintiff National Enterprises Incorporated's motion to enforce its foreign judgment against

defendants in North Carolina. For the reasons stated herein, we affirm.

In February 1995, plaintiff obtained a judgment for $141,029.56 against defendants in Florida. In March 2007, plaintiff sought to enforce the 1995 judgment in North Carolina against defendant John W. Hughes, III. In response, defendant filed a motion for relief, notice of defense, motion for stay, and motion to strike on 22 March 2007. On 28 March 2007, plaintiff voluntarily dismissed the action. In an order entered on 23 April 2007, the trial court concluded that the 1995 judgment could not be enforced in North Carolina because it was barred by the ten-year statute of limitations prescribed in N.C.G.S. § 1-47(1).

In November 2012, a new judgment was entered against defendants in Florida based upon the 1995 judgment. On 23 January 2013, plaintiff filed a notice of filing of foreign judgment, pursuant to the Uniform Enforcement of Foreign Judgments Act, in North Carolina. Defendants filed a motion for relief from and notice of defense to foreign judgment on 11 February 2013, asserting that N.C.G.S. § 1-47(1) and plaintiff's action in 2007 to enforce the 1995 judgment barred enforcement of the foreign judgment in North Carolina. Plaintiff filed a motion for enforcement of foreign judgment on 22 February 2013.

On 12 April 2013, the trial court entered an order denying defendants' motion and defense and declaring that the foreign judgment was entitled to full faith and credit in North Carolina. Defendants appeal.

_____

Defendants' sole argument on appeal is that the trial court committed reversible error by denying defendants' motion and defense and granting plaintiff's motion for enforcement of the foreign judgment. Defendants argue that N.C.G.S. § 1-47(1) and the order entered with respect to plaintiff's action in 2007 to enforce the 1995 judgment bar the present action to enforce the foreign judgment. We disagree.

A foreign judgment, filed pursuant to the Uniform Enforcement of Foreign Judgments Act, "has the same effect and is subject to the same defenses as a judgment of this State and shall be enforced or satisfied in like manner." N.C. Gen. Stat. § 1C-1703(c) (2013). N.C.G.S. § 1-47(1) bars an action to enforce "a judgment or decree of any court of the United States" after ten years from the date of its entry. N.C. Gen. Stat. § 1-47(1) (2013). The statute of limitations "affects foreign and domestic judgments alike" and thus bars an action under the Uniform Enforcement of Foreign Judgments Act to enforce a foreign judgment that is more than ten years old. *See Wener v.*

*Perrone & Cramer Realty, Inc.*, 137 N.C. App. 362, 364, 366, 528 S.E.2d 65, 66-68 (2000) (holding that N.C.G.S. § 1-47(1) barred an action to enforce a Florida judgment that was over ten years old).

Florida law, on the other hand, imposes a twenty-year statute of limitations period for an action to enforce a judgment. Fla. Stat. § 95.11(1) (2002). If the statute of limitations period has not yet expired on a judgment, "the judgment creditor can start the limitation period anew by bringing an action upon the judgment and obtaining a new judgment." *Adams v. Adams*, 22 Fla. L. Weekly D650, D650, 691 So. 2d 10, 11 (Fla. Dist. Ct. App. 1997) (internal quotation marks omitted); *see also Raccoon Valley Inv. Co. v. Toler*, 32 N.C. App. 461, 463, 232 S.E.2d 717, 718 (1977) ("[Under North Carolina law,] the only procedure now recognized by which the owner of a judgment may obtain a new judgment for the amount owing thereon is by an independent action on the prior judgment."). Where a judgment creditor obtains a new judgment within the applicable statute of limitations, the new judgment extinguishes the original judgment. *See Palm Coast Recovery Corp. v. Moore*, 184 N.C. App. 550, 552, 646 S.E.2d 438, 440 (2007). The judgment creditor may therefore then commence an action under the Uniform Enforcement of Foreign Judgments Act to

enforce the new judgment within ten years from the date of its entry. *See id.* at 551–52, 646 S.E.2d at 439–40 ("Where a judgment creditor obtained a new judgment in 2005 in the State of Florida, based upon a previous 1990 judgment, an action to register the judgment in North Carolina [in 2006] pursuant to the Uniform Enforcement of Foreign Judgments Act was timely filed.").

While the ten-year statute of limitations period in North Carolina had expired when plaintiff sought to enforce the 1995 judgment in 2007, the twenty-year statute of limitations period had not yet run on the judgment in Florida. As a result, plaintiff properly filed a new action based upon the 1995 judgment in 2012 in Florida to start the limitations period anew. *See Adams*, 22 Fla. L. Weekly at D650, 691 So. 2d at 11. Because the 2012 judgment extinguished the 1995 judgment, plaintiff's present action under the Uniform Enforcement of Foreign Judgments Act sought to enforce the 2012 judgment and not the 1995 judgment. *See Palm Coast*, 184 N.C. App. at 552, 646 S.E.2d at 440. The present action was thus timely filed within the ten-year statute of limitations in North Carolina. *See id.*

Moreover, contrary to defendants' assertion, the doctrine of res judicata does not bar the present action. Although the

trial court entered an order with respect to plaintiff's action in 2007 to enforce the 1995 judgment in North Carolina, the order has no preclusive effect on the present action because it is not another action to enforce the 1995 judgment; but rather, it is the first action plaintiff has brought to enforce the 2012 judgment. *See NationsBank of N.C. v. Am. Doubloon Corp.*, 125 N.C. App. 494, 503, 481 S.E.2d 387, 392 ("Res judicata, or claim preclusion, prevents a party, or one in privity with that party, from bringing a suit twice on the same claim or cause of action when a final judgment on the merits has been entered in the first suit."), *disc. review denied*, 346 N.C. 282, 487 S.E.2d 551 (1997). Accordingly, we hold that res judicata does not preclude the present action, and the trial court properly granted plaintiff's motion to enforce the foreign judgment.

Affirmed.

Judges ERVIN and McCULLOUGH concur.

Report per Rule 30(e).