MARTHA HANNAH WHITESIDE, SOLE DEVISEE AND LEGATEE
UNDER THE LAST WILL AND TESTAMENT OF E. WHITE-
SIDE, DECEASED, *Plaintiff in Error*, v. J. J. DINKINS, *De-
fendant in Error.*

Opinion Filed August 4, 1923.

Petition for Rehearing Denied September 10, 1923.

1. On a plea of payment, in a suit on a judgment, testimony
   about transactions that occurred prior to the judgment, is
   not admissible.

2. Negotiations or transactions relating to a settlement or at-
   tempted settlement of a claim, had prior to the judgment,
   are not admissible in a suit on the judgment.

This case was decided by Division A.

A Writ of Error to the Circuit Court for Lee County;
M. F. Horne, Judge.

Judgment reversed.

*Walter O. Sheppard*, for Plaintiff in Error;

*R. A. Henderson, Jr.*, and *Frank H. Mellor*, for Defend-
ant in Error.

BROWNE, J.—This suit is brought by Martha Hannah
Whiteside to recover on a judgment obtained nearly twenty
years before by her father, E. Whiteside, deceased, which
she alleges she is the owner of.

The case went to trial on a single plea, that defendant
before the bringing of this suit had "fully paid and satis-
fied the judgment sued upon." There was verdict and

judgment for the defendant and the plaintiff took writ of error.

It appears from the record that the defendant was served with a summons in a suit brought by E. Whiteside on August 8, 1901, which resulted in the judgment sued on, and that there were some negotiations between Whiteside and Dinkins about a settlement of the claim, prior to the entry of the judgment.

There was introduced in evidence a sworn bill in chancery brought by Dinkins to have this judgment declared a nullity, and to be discharged from liability thereunder, in which he alleges he did not know of the entry and existence of the judgment until May, 1915, nearly fourteen years after its rendition.

All the testimony of the defendant with regard to the alleged settlement or payment of the judgment relates to transactions and negotiations, prior to the judgment, for a settlement of the claim which resulted in the judgment. This was objected to by the plaintiff below, who also moved to strike.

There is some testimony to the effect that a horse was delivered to E. Whiteside by Dinkins, and that Whiteside collected rents for some farm land from tenants of Dinkins after entry of the judgment. It appears, however, that the agreement to deliver the horse was made at the time of the negotiations to settle the claim subsequently resulting in the judgment, and that the rent of the farm land was to pay a note given by Dinkins prior to the judgment, in an effort to settle the claim.

There is no testimony in the record tending to support the plea of payment of the judgment. Instead, all the negotiations testified to by the defendant related to an attempted settlement of the claim before it ripened into the judgment that is being sued upon.

At the conclusion of the testimony, the plaintiff moved for an instructed verdict on the State of the pleadings and the testimony, which was denied. This was error going to the merits of the cause as the plaintiff was entitled to a verdict for the amount of the judgment sued on, with interest.

The judgment is therefore reversed.

TAYLOR C. J., AND ELLIS, J., concur;

WHITFIELD, P. J., AND TERRELL, J., concur in the opinion.

WEST, J., dissents.