**ARTHUR D. CRANE v. LOUIS NUTA**

26 So. (2nd) 670           June Term, 1946
June 18, 1946           Division A
Rehearing denied July 8, 1946.

*Arthur D. Crane,* in proper person for petitioner.
*Frank H. Strahan,* for respondent.

BUFORD, J.:

Petitioner filed his declaration in the Civil Court of Record in and for Dade County, Florida, wherein he alleged:

"Plaintiff in person sues Louis Nuta for that heretofore towit July 9, 1926, Buena Vista Bank, then a corporation organized and existing under the Banking laws of the State of Florida, recovering judgment against said Louis Nuta in the sum of $342.31, no part whereof has been paid or satisfied.

Said Judgment is recorded in Minute Book 9, of the above entitled court at Page 368, and was based on a promissory note carrying 8 per cent interest per annum. Thereafter said Bank became insolvent and its assets, including said judgment, were duly taken over by the State Comptroller of said State, in accordance with law, for liquidation. In the regular process of said liquidation said State Comptroller sold and assigned said judgment to H. W. Shank of Miami, in said County and State, and thereafter and prior to the commencement of this action said H. W. Shank sold and assigned said judgment to plaintiff who ever since has been and still is the owner and holder thereof. And plaintiff claims $342.31 with interest at 8 per cent per annum and costs.

"SECOND COUNT

"For a second and separate count plaintiff refers to all the allegations of the first count foregoing and further alleges that he is damaged in the sum of $800.00 by the nonpayment to him of said judgment, and plaintiff claims $800.00."

Demurrer was interposed to this declaration. The declaration was amended by adding the following words, viz: "each of said assignments was for a valuable consideration."

Thereafter the court entered an order sustaining the demurrer without leave to amend and thereafter entered final judgment in favor of the defendant on demurrer sustained.

In due course and within the time allowed plaintiff appealed to the Circuit Court. On May 3rd, 1946, the judgment of the Civil Court of Record was affirmed by the Circuit Court of the 11th Judicial Circuit of Florida. No reason appears in the record to have been given by either the Judge of the Civil Court of Record or the Judges of the Circuit Court for the entry of the respective judgments. If there is any defect in the declaration it is that the declaration does not specifically allege that the judgment has not been paid. This defect could have readily been cured by amendment. It appears from the briefs filed by the respective parties that the demurrer to the declaration was probably sustained upon the theory that an action cannot be maintained on a domestic judgment by the owner and holder of such judgment. Section 95.01 Fla. Statutes 1941 (same F.S.A.) provides as follows:

"What deemed the commencement of action.—An action shall be deemed to be commenced, within the meaning of this chapter, when the summons or other original process shall be delivered to the proper officer to be served."

Sub-paragraph 1 of Section 95.11 provides as follows:

"95.11. Limitations upon actions other than real actions. —Actions other than those for the recovery of real property can only be commenced as follows:

"(1) Within twenty years.—An action upon a judgment or decree of a court of record in a State of Florida, and an action upon any contract, obligation or liability founded upon an instrument of writing under seal."

By the great weight of authority a judgment is regarded as a cause of action or a chose in action. A judgment is an adjudication of debt. The subject is treated in 31 American Jurisprudence page 327, et seq., Sec. 813 et seq., and we find there abundant support for, and nothing contrary to, the doctrine that a judgment, whether domestic or foreign, constitutes a cause of action upon which a new and independent action may be based.

In the case of Martha Hannah Whiteside, sole devisee etc., v. Dinkins, 86 Fla. 261, 97 So. 517, this court had under consideration a case which is in every respect analogous to the instant case, the only material difference being that there the

plaintiff was the sole devisee and legatee of the judgment creditor; the suit was instituted in the Circuit Court of Lee County on August 1st 1921 on a judgment entered in the Circuit Court of Lee County on the 8th day of August, 1901.

In the instant case the suit is by an assignee of the judgment instituted in the Civil Court of Record in Dade County, Florida, on the 14th day of June 1945 on a judgment rendered in the same court on the 9th day of July 1926.

In the Whiteside case the judgment was for the defendant and the plaintiff took writ of error. This Court, speaking through Mr. Justice Browne, in conclusion said "On the conclusion of the testimony, the plaintiff moved for an instructed verdict on the state of the pleadings and the testimony, which was denied. This was error going to the merits of the cause, as the plaintiff was entitled to a verdict for the amount of judgment sued on with interest. The judgment is, therefore, reversed."

So it appears that it is not necessary for us to go beyond this jurisdiction to cite authorities upholding the contention of the petitioner. See, however, L.R.A. 1917A Anno, page 189 et seq. The judgment of the Circuit Court should have been a reversal of the judgment of the Civil Court of Record with directions that the plaintiff be allowed to amend the declaration so as to allege that the judgment had not been paid and to thereupon allow further proceedings.

Certiorari is granted under our Rule 34.

The judgment of the Circuit Court is quashed with directions to reverse the judgment of the Civil court of Record and remand the cause for further proceedings not inconsistent with the views herein expressed.

It is so ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.