JOHNSON, Judge.
This is an appeal from a Summary Final Decree in favor of the appellee herein who was the plaintiff in the lower court.
The appellants were at one time man and wife, and owned 630 shares of General Motors stock as an estate by the entireties. While man and wife, the appellants executed an assignment of said stock to Lawrence R. Warrick, a son and stepson of the appellants, and delivered the stock in question to the said Lawrence R. Warrick. Lawrence R. Warrick mortgaged the stock to Peninsula State Bank at Daytona Beach Shores for some $39,000 plus dollars. Later, on August 21, 1964, the said Lawrence R. Warrick assigned said stock to the appellee together with a power of attorney to sell the stock, pay off Peninsula State Bank and retain the balance. Grawick Construction Corporation gave three notes to appellee Bank and borrowed $90,000.00. Each of these notes were personally guaranteed by Lawrence R. Warrick by his endorsement thereon. These notes were not paid by Grawick which brought about the assignment of the stock to the bank in order to stall off suit, although no mention of this was contained in the assignment and power of attorney.
Peninsula State Bank obtained a judgment against Lawrence R. Warrick on a crossclaim filed in the action between the appellee herein and Lawrence R. Warrick and the appellants herein, and was awarded a lien on the General Motors stock. 412 shares of stock were sold to satisfy this judgment of $39,794.87. The remaining 218 shares of General Motors stock were deposited with the Clerk of Circuit Court in- accordance with said summary final decree. The court decreed a lien in favor of the appellee on the 218 shares of stock and ordered the said Lawrence R. War-rick to pay the appellee’s judgment of $40,482.36 within five days or that the stock be sold to satisfy said judgment.
It is from this judgment that this appeal is taken.
The appellants, who are no longer man and wife, having been divorced and the wife having remarried to McCampbell, each filed notice of appeal, separately and by separate attorneys. Lawrence R. Warrick has not appealed.
After the appellee had filed for summary judgment, Jean Eckler Warrick Mc-Campbell, one of the appellants, filed her affidavit in opposition to the motion for summary judgment wherein she alleges the assignment of the stock by her former husband and her to Lawrence R. Warrick was to accommodate him and to assist him in becoming an officer of and general counsel for a new bank; that the said Lawrence R. Warrick had assured them that he would not pledge said stock or borrow money using the same as security therefor. She also denies any prior knowledge or approval of the pledge made to the Peninsula State Bank or to the ap-pellee herein and claims that the assignment to the appellee herein was null and void because the shares of stock were not delivered to appellee Bank. (This stock had been pledged to Peninsula State Bank, who held the stock, so it could not be delivered to appellee, but proper reference to Peninsula State Bank and its indebted *758 ness were pointed out in the assignment to appellee Bank.)
The only assignment of error, and both appellants filed identical assignments, was that the court erred in entering the summary final decree in question.
It is apparent from the record that the purpose of the transfer of the stock from the appellants was to perpetrate a deceit at least, if not an outright fraud. There was no indication in the original assignment of the stock to Lawrence R. Warrick that the assignors, the appellants herein, claimed or retained any interest in the stock in question. The appellee herein, appears to be an innocent third party without knowledge of the deceit set in motion by the appellants and perfected by the appellants’ partner, so to speak, in the perpetration of such deceit, Lawrence R. Warrick.
The appellants contend that the assignment of the stock and the power of attorney executed by Lawrence R. Warrick to the appellee was invalid for lack of consideration. We do not think the appellants are in a position to raise this question under the existing circumstances. They had made an assignment in blank to Lawrence R. Warrick. The appellants having negotiated the stock cannot now be heard to say that they could continue to control any further negotiations in said stock to innocent third parties. It is to be noted here that Lawrence R. Warrick, appellee’s assignor, has not claimed lack of consideration — has not even appealed. He is the only one who could claim such protection of lack of consideration. This is a defense to be asserted as between the original parties to security interests instrument involved. Hendricks v. Stark, 99 Fla. 277, 126 So. 293.[1]
As to the other argument raised by appellants that the assignment of the stock to appellee did not constitute a valid assignment because of lack of delivery of the stock certificate as required by F.S. 614.03(1) (b), F.S.A., we think must fall along with the first argument treated supra and partly for the same reason. However, a reading of the instrument in question is so worded as to give the appellee power to sell the stock, pay off a first lien holder and retain the balance, but did not appear to purport to be either a sale or a true assignment of the stock itself, but of the proceeds of a sale only. There is nothing wrong with such instrument. F.S. 614.03 (1) (b), F.S.A. is not controlling under the facts herein presented. Certainly, all things considered, the appellants are in an awkward position to complain of the ultimate results of a wrong doing which they initiated. We think the order appealed should be and is hereby
Affirmed.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.

. 73 A.L.R. p. 1405 clearly sets out the established law on the rights of parties where innocent third parties are involved.