**ELIZABETH ANN DeSTAEL, Plaintiff**

**v.**

**KEITH HEADLEY STRASBURG, Defendant**

High Court of American Samoa
Trial Division

CA No. 121-93

December 17, 1993

Before KRUSE, Chief Justice, and TAUANU'U, Chief Associate Judge.

Counsel: For Plaintiff, Marshall Ashley
 For Defendant, Ellen A. Ryan

Order on Motions for Permanent Injunction and Enforcement of Foreign Judgment:

On August 25, 1993, a Judgment and Decree of Dissolution of Marriage was filed in the Circuit Court for Multnomah County, Oregon. Subsequently, defendant entered American Samoa aboard the yacht "Pangaea," a marital asset. On November 19, 1993, the High Court issued a preliminary injunction barring defendant from "entering onto, interfering with, or damaging the yacht." On December 16, 1993, a hearing was held concerning plaintiff's motion for enforcement of a foreign judgment and her motion for a permanent injunction.

 The High Court is empowered to enforce a judgment of any United States court or other court entitled to full faith and credit in American Samoa under the "Uniform Enforcement of Foreign Judgments Act." A.S.C.A. §§ 43.1701-43.1709; *see* 28 U.S.C. § 1738. In this regard, the general rule is that a court may not relitigate the merits of the original action or consider a defense that could have been raised in the original action. *Bahr v. Bahr*, 180 N.W.2d 465, 467 (S.D. 1970) (citing *Picking v. Local Loan Co.*, 44 A.2d 462, 468 (Md. App. 1945)); *see Klee v. Cola*, 401 So. 2d 871, 872 (Fla. App. 1981) (citing *Whiteside v. Dinkins*, 97 So. 517 (Fla. 1923)).

In granting the divorce decree, the Oregon court made a factual finding that DeStael was a resident under the residency/domicile requirement of Or. Rev. Stat. § 107.075. This court is thus precluded from questioning the Oregon court's findings of fact and its corresponding interpretation of Oregon law. Therefore, plaintiff's motions are granted.

It is so ordered.