Dorothy Anderson McCARTHY, as Personal Representative of the ESTATE OF HOWARD ANDERSON, Plaintiff,

v.

THE REPUBLIC OF CUBA, Defendant.

No. 04–21153–CIV.

United States District Court, S.D. Florida. Miami Division.

Feb. 2, 2005.

Joseph A. DeMaria, Esq., Bryan Thomas West, Esq., Tew Cardenas LLP, Miami, Counsel for Plaintiff.

The Republic of Cuba, By Serving the Minister of Foreign Relations, Felipe Perez Roque, Vedado, Havana, Cuba, Counsel for Defendant.

## FINAL DEFAULT JUDGMENT

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Plaintiff's Motion for Final Default Judgment, filed January 27, 2005.

## I. PROCEDURAL BACKGROUND

On May 27, 2004, Plaintiff filed her Complaint pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq.* The Complaint's sole count is an action of debt on a state court judgment entered on April 17, 2003, for the Plaintiff in the amount of sixty-seven ($67) million dollars. The judgment was entered by the Circuit Court of the Eleventh Judicial Circuit in and for Miami–Dade County in *Dorothy Anderson McCarthy v. The Republic of Cuba,* Case No. 01–28628 CA 04. The state court judgment arose from the extrajudicial torture and killing of Plaintiff's late husband, Howard Anderson, by The Republic of Cuba.

On January 4, 2005, Plaintiff filed an application with the Clerk of Court to enter default against Defendant. According to the application, on ·or about May 27, 2004, process was served· on Defendant by registered mail, pursuant to 28 .U.S.C. § 1608(a)(3), sent to the Minister of Foreign Relations of The Republic of Cuba. After more than thirty (30) days had passed with no answer, on or about July 22, 2004, Plaintiff attempted to serve process on Defendant by sending the documents to the United States Department of State pursuant to 28 U.S.C. § 1608(a)(4). On November 22, 2004, Plaintiff received notice from the Department of State that it served The Republic of Cuba through the U.S. Interests Section of the Embassy of Switzerland in Havana. On January 11, 2005, with no answer from Defendant, the Clerk of Court entered the Defendant's default in the above-styled case.

On January 20, 2005, pursuant to the Court's responsibility under Rule 55 of the Federal Rules of Civil Procedure to ensure that Plaintiff is entitled to the relief sought, the Court ordered Plaintiff to provide the legal basis for filing a *new* lawsuit in federal court based on a state court judgment, rather than simply registering a record of the judgment. On January 27, 2005, Plaintiff filed her responsive brief, which argues that jurisdiction exists under the FSIA and she has satisfied the elements of an action on a debt; namely, a judgment and proof the judgment has not been satisfied.

## II. *DISCUSSION*

██ To establish a right to a default judgment under the FSIA, a plaintiff is required "to establish entitlement to relief by providing satisfactory evidence as to each element of the claims upon which relief was sought." *Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir.1996). In the instant case, Plaintiff's Complaint has one count, an action upon a judgment, which requires that Plaintiff prove (1) there is .an outstanding judgment and (2) that the defendant has not paid the judgment. *See Crane v. Nuta*, 157 Fla. 613, ·26 So.2d 670, 671–72 (1946). .

██ Plaintiff has submitted evidence of an outstanding judgment by filing a copy of the Final Judgment of the Circuit Court of the Eleventh Judicial Circuit in and for Miami–Dade County in the case of *Dorothy Anderson McCarthy v. The Republic of Cuba*, Case No. 01–28628 CA 04. (Complaint at Exh. A.) The Full Faith and Credit Act, 28 U.S.C. § 1738, provides that:

The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and possessions *by the attestation of the clerk and seal of the court annexed,* if a seal exists, *together with a certificate of a judge of the court that the said attestation is in proper form.*

.(emphasis added). Further, Rule 44(a)(1) of the Federal Rules of civil procedure provides that:

An official record kept within the United States, or any state, ... when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by the officer's deputy, and accompanied by a certificate that such officer has the custody. The certificate may be made by a

judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of court, or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of the officer's office.

*See, e.g., AMFAC Distrib. Corp. v. Harrelson,* 842 F.2d 304 (11th Cir.1988); *Hazen Research, Inc. v. Omega Minerals, Inc.,* 497 F.2d 151 (5th Cir.1974). Because the Final Judgment filed with this Court was certified by the Miami–Dade Circuit Court judge, certified by the Miami–Dade Clerk of Court, and the Miami–Dade seal is affixed, under the Full Faith and Credit Act and Rule 44(a)(1), this Court finds that Plaintiff obtained a final judgment from the Miami–Dade Circuit Court against The Republic of Cuba in the amount $67 million, based on the extrajudicial torture and killing of Howard Anderson.

Plaintiff has also submitted evidence, namely affidavit testimony, that The Republic of Cuba has failed to satisfy any part of the final judgment, and the entire amount of the judgment remains outstanding. (Declaration of Dorothy Anderson McCarthy.) Of course, as The Republic of Cuba has defaulted, Plaintiff's assertions and evidence are unrebutted. Accordingly, the Court finds that Plaintiff's final judgment, in its entirety, is unsatisfied. *See Alejandre v. The Republic of Cuba,* 996 F.Supp. 1239 (S.D.Fla.1997) (King, J.) ("Because Cuba has presented no defense, the Court will accept as true Plaintiffs' uncontroverted factual allegations.").

### III. CONCLUSION

Accordingly, after a careful review of the record, and the court being otherwise fully advised, it is ORDERED and ADJUDGED that judgment is hereby granted on behalf of Plaintiff, Dorothy Anderson McCarthy, as the Personal Representative of the Estate of Howard Frederick Anderson, and against the Defendant, The Republic of Cuba, in the amount of sixty-seven ($67) million dollars.