A09A0678. CORZO TRUCKING CORPORATION et al. v. WEST.
(674 SE2d 414)

JOHNSON, Presiding Judge.

This is the second time these parties have appeared before this Court. The judgment at issue in this case was obtained by Corzo Trucking Corporation, Obdulio Corzo, and Rita Corzo (hereinafter referred to collectively as "Corzo") in Florida on March 6, 1985. On October 1, 2001, Corzo filed the Florida judgment in Cobb County, seeking to enforce the judgment against Robert West pursuant to the

Uniform Enforcement of Foreign Judgments Law ("UEFJL").[1] The trial court dismissed Corzo's collection efforts on December 7, 2005, holding that the Florida judgment was dormant and unenforceable pursuant to OCGA §§ 9-12-60 (a) and 9-12-61. On August 30, 2006, this Court upheld the trial court's dismissal.[2]

Corzo then returned to Florida, filing a "Complaint to Renew Judgment," and on September 14, 2006, the Florida court ordered: "[t]hat the Final Judgment . . . is renewed with all accrued post judgment interest owing thereon. . . ." Two weeks later, Corzo returned to Cobb County and filed the September 14, 2006 Florida judgment under the UEFJL.

In an order dated July 21, 2008, the trial court found that the September 14, 2006 Florida judgment was merely a renewal of the same judgment that Corzo sought to enforce on October 1, 2001. Accordingly, the trial court relied on our prior opinion in the case, finding the Florida judgment unenforceable pursuant to OCGA §§ 9-12-60 (a) and 9-12-61 and dismissing Corzo's action. Following a denial of his motion for reconsideration, Corzo appealed to this Court. We find no error and affirm.

1. Corzo argues that the trial court erred by refusing to domesticate the renewed judgment. We disagree. Although Corzo refuses to accept the trial court's and this Court's rulings, Georgia law is clear that the 1985 Florida judgment is dormant and unenforceable. The 2006 renewal of that action is likewise unenforceable in Georgia.

Under the UEFJL, "[a] filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying as a judgment of the court in which it is filed and may be enforced or satisfied in like manner."[3] "Therefore, the judgment debtor is entitled to a stay of enforcement of a foreign judgment if he shows the court any ground on which enforcement of a judgment of the court of this state would be stayed."[4]

In Georgia, OCGA §§ 9-12-60 (a) and 9-12-61 operate in tandem as a ten-year statute of limitation for the enforcement of Georgia judgments.[5] OCGA § 9-12-60 (a) (1) provides that a judgment shall become dormant and shall not be enforced "[w]hen seven years shall elapse after the rendition of the judgment before execution is issued thereon and is entered on the general execution docket of the county in which the judgment was rendered." However, OCGA § 9-12-61

---

[1] OCGA § 9-12-130 et seq.

[2] *Corzo Trucking Corp. v. West*, 281 Ga. App. 361 (636 SE2d 39) (2006).

[3] OCGA § 9-12-132.

[4] (Citations and punctuation omitted.) *Corzo Trucking*, supra at 362.

[5] Id. at 362-363.

permits a dormant judgment to be revived within three years from the time it becomes dormant. As a result, while a judgment becomes dormant seven years from the date of the last entry upon the execution docket, it does not expire until ten years after that date.[6]

We previously held that the March 6, 1985 Florida judgment became dormant after seven years under OCGA § 9-12-60 (a), and because it was not revived within the following three years under OCGA § 9-12-61, it is not enforceable in Georgia under the UEFJL.[7] This holding applies even though Corzo was able to renew the judgment in Florida after the ten-year time period in Georgia expired. To hold otherwise would allow the Florida judgment to have a longer life than a judgment in Georgia, which directly contradicts the principle that litigation under the UEFJL is limited to that which is afforded any other Georgia judgment.[8] And, contrary to Corzo's argument, the record clearly shows that the 2001 judgment is a renewal of the 1985 judgment and not a new action.

Corzo argues that this case is controlled by *Kahlig v. Martinez*.[9] However, in *Kahlig* there was no indication that the 1994 award of attorney fees in the Texas court was ever reduced to judgment until 2002. And the Georgia dormancy statute applies only to "judgments" filed under the UEFJL.[10] Here, there is no question that Corzo obtained a judgment in 1985.

Likewise, Corzo's argument regarding the Full Faith and Credit Clause of the United States Constitution fails. The United States Supreme Court had consistently held that "[o]ur prevailing rule is that the Full Faith and Credit Clause does not compel the forum state to use the period of limitation of a foreign state."[11] When an action is barred by the statute of limitation of the forum state, no action may be maintained, even though the action is not barred in the state where the cause of action arose.[12] It follows that if a judgment is revived in the rendering state, a forum state is free to refuse enforcement of the revived judgment if the revival is merely an extension of the original judgment and enforcement of that judgment is barred by the forum state's statutory period of enforcement.

The trial court did not err in granting West's motion to refuse enforcement of the foreign judgment. The 2006 Florida judgment,

---

[6] Id. at 362.

[7] Id. at 362-364.

[8] Id. at 364.

[9] 272 Ga. App. 491, 494 (2) (612 SE2d 833) (2005).

[10] Id. at n. 13.

[11] *Wells v. Simonds Abrasive Co.*, 345 U. S. 514, 517 (73 SC 856, 97 LE 1211) (1953).

[12] Id. at 516-517.

which renewed the unenforceable 1985 Florida judgment, is not enforceable in Georgia.

2. West filed a motion to dismiss Corzo's appeal on the ground that Corzo failed to timely file a transcript of the motion hearing. However, West subsequently filed a motion to withdraw his motion to dismiss. We hereby grant West's motion to withdraw his motion to dismiss. West's motion to dismiss is deemed moot.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED MARCH 3, 2009 

*Patrick J. Gibbs*, for appellants.

*Moore, Ingram, Johnson & Steele, Jeffrey A. Daxe, Christopher D. Gunnels*, for appellee.