GROSS, C.J.
This is a tale of modern courts confronting a common law cause of action, an action on a judgment. In entering a final judgment in 2006, the circuit court used *1287 language which obscured the nature of the final judgment. The judgment creditor sought to address that problem by filing an action on that judgment. The circuit court dismissed the action with prejudice. We reverse, holding that the judgment creditor was authorized to bring an action on the 2006 judgment.
On March 6, 1985, appellant Corzo Trucking Corporation obtained an amended final judgment against appellee Bob West. The judgment amended a final judgment entered on June 5, 1984. Corzo Trucking was unable to enforce the judgment.
In 2001, Corzo Trucking discovered that West was residing in Georgia. It filed the Florida judgment in Georgia and sought execution.[1] The Georgia courts held the Florida judgment was subject to Georgia’s ten year statute of limitations on the enforcement of judgments and that the statute began to run when the judgment was rendered in Florida in 1985. Corzo Trucking Corp. v. West, 281 Ga.App. 361, 636 S.E.2d 39 (2006). The Georgia appellate court relied upon Potomac Leasing Co. v. Dasco Technology Corp., 10 P.3d 972 (Utah 2000); it described Potomac as holding that a “judgment must be filed in Utah within Utah’s eight-year statute of limitation, which begins to run from the date the judgment is entered or last renewed in the rendering state.” Corzo, 636 S.E.2d at 41 (emphasis added).
On August 3, 2006, Corzo Trucking filed a lawsuit in Florida against West entitled “Complaint to Renew Judgment,” apparently tracking the language used by the Georgia court. It appears that West was personally served in Georgia on August 11, 2006. The circuit court entered a default final judgment on September 14, 2006; the judgment stated that the original judgment, as amended, “should be renewed” and the decretal portion of the judgment stated that the “Final Judgment as amended by Amended Final Judgment is renewed with all accrued post judgment interest.” The 2006 judgment awarded the original principal amount of the 1985 amended final judgment plus $297,933.61, which represents 22 years, 3 months, and 9 days of interest.
Corzo Trucking returned to Georgia to enforce its renewed judgment. The Georgia courts held that the “2006 renewal” of the “1985 Florida judgment” was unenforceable in Georgia. Corzo Trucking Corp. v. West, 296 Ga.App. 399, 674 S.E.2d 414, 415 (2009). The court reasoned that the renewed judgment did not avoid Georgia’s ten-year statute of limitations, because to “hold otherwise would allow the Florida judgment to have a longer life than a judgment in Georgia, which directly contradicts the principle that litigation under the [Uniform Enforcement of Foreign Judgments Law] is limited to that which is afforded [to] any other Georgia judgment.” Id. The court commented that “the record clearly shows that the 2001 [sic ] judgment is a renewal of the 1985 judgment and not a new action.” Id.
After the 2009 Georgia appellate opinion, Corzo Trucking returned to Florida and took two separate litigation tacks.
First, in March, 2009, it filed a new case seeking an “action on a judgment” and other relief. In various pleadings, including an answer, West argued that the statute of limitations on the original judgment *1288 had expired in 2005, so both the 2006 judgment and any new action were barred. Corzo Trucking moved for summary judgment; West filed a response. Without explanation, Circuit Judge Barkdull denied the motion for summary judgment, dismissed the complaint with prejudice and entered final judgment “for defendant.”
Corzo Trucking’s second approach was to file a motion under Florida Rule of Civil Procedure 1.540(a) to clarify the 2006 “renewed” final judgment by “removing” the words “renew” and “renewed.” Circuit Judge Kelley denied the motion “finding that there is no error by way of omission or oversight under Rule 1.540(a).”
To decide this case, we must first examine the common law cause of action called an “action upon a judgment.” Every judgment “is regarded as a cause of action ... upon which a new and independent action may be based.” Crane v. Nuta, 26 So.2d 670, 671 (Fla.1946); see also Petersen v. Whitson, 14 So.3d 300, 302 (Fla. 2d DCA 2009). “At common law, a party has a right of action upon a judgment as soon as it is reeovered[.]” 47 Am. Jur. 2d Judgments § 762 (updated May 2011).
We explained in Burshan v. National Union Fire Insurance Co. of Pittsburgh that the main purpose of an action on a judgment, a separate cause of action from the original judgment, was to obtain a new and independent judgment which would “facilitate the ultimate goal of securing satisfaction of the original cause of action.” 805 So.2d 835, 841 (Fla. 4th DCA 2001) (quoting Adams v. Adams, 691 So.2d 10, 11 (Fla. 4th DCA 1997)). We also explained:
If a limitations period has almost run on a judgment, a judgment creditor “can start the limitation period anew by bringing an action on the judgment to obtain a new judgment.” 47 Am. Jur. 2d Judgments § 945 (1995); accord Adams, 691 So.2d at 11 (quoting Koerber v. Middlesex College, 136 Vt. 4, 383 A.2d 1054, 1057 (1978)). A party may not relitigate the merits of the original cause of action in an action on a judgment. See Klee v. Cola, 401 So.2d 871, 872 (Fla. 4th DCA 1981).

Id.

In defending an action on a judgment, a “defendant cannot avail himself of defenses which he might have interposed in the original action.” Restatement (First) of Judgments § 47 cmt. e. However, a defendant may “interpose defenses which have arisen since the rendition of the judgment, such as payment, release, accord and satisfaction, or the [sjtatute of [[limitations.” Id.
The cause of action underlying the 2006 judgment was an action on a judgment. That judgment was not merely a continuation of the 1984-85 case, but a new and independent judgment. See 50 C.J.S. Judgments § 1261 (updated Mar. 2011). As in a newly filed case, there was service of process on West to secure jurisdiction over him in the 2006 case. The use of the words “renew” and “renewed” in the judgment may have led to confusion, but those words have been used in Florida cases to describe the effect of an action on a judgment.[2] Although it appears that the *1289 20 year statute of limitations on an action on a judgment[3] had run by 2006 when the case was filed, that defense “is waived unless pleaded.” Aboandandolo v. Vonella, 88 So.2d 282, 284 (Fla.1956); see also Ramos v. Philip Morris Cos., Inc., 743 So.2d 24, 30 (Fla. 3d DCA 1999). West thus could not attempt to resurrect that defense in this current and separate action.
An action on a judgment is different than post judgment proceedings, filed under the same case number as the final judgment, where the goal is to satisfy the judgment. Such proceedings are merely “ ‘continuation^] of an action,’ ” which “ ‘create! ] nothing anew, but may be said to reanimate that which before had existence.’ ” Massey v. Pineapple Orange Co., 87 Fla. 374, 100 So. 170, 171 (1924) (quoting Brown v. Harley, 2 Fla. 159 (1848)). For example, the 2006 action was not a proceeding by writ of scire facias, which was formerly used to revive a dormant judgment so that execution could issue. Petersen, 14 So.3d at 302. Such a proceeding was not regarded as a new proceeding, “but rather as a continuation of the original action.” Id.; see also Burshan, 805 So.2d at 841-43. If applicable, a petition for relief available by scire facias would be filed in the same case where the judgment issued.[4] Petersen, 14 So.3d at 302. We are aware of no such “continuation of the original action” that extends the 20 year life of a Florida judgment.
Corzo Trucking was authorized to bring the 2009 action on the 2006 judgment. No useful purpose is usually served by bringing an action on a judgment so soon after the rendition of the underlying judgment. However, the unusual circumstances in this case explain Corzo Trucking’s motivation. The 2009 action was authorized by the rule articulated by the Florida Supreme Court that a judgment “constitutes a cause of action upon which a new and independent action may be based.” Crane, 26 So.2d at 671; see Dahlin v. Kroening, 796 N.W.2d 503, 505 (Minn.2011) (indicating that “an action on a judgment results in a new judgment, which may then serve as the basis for a subsequent action on a judgment”).
We reverse the circuit court’s dismissal of the action on the judgment. We affirm the denial of Rule 1.540 relief, since we find no abuse of discretion. See Schultz v. Time Warner Entm’t Co., 906 So.2d 297, 299 (Fla. 5th DCA 2005).
POLEN and DAMOORGIAN, JJ., concur.

. In Florida, “an execution is valid and effective during the life of the judgment or decree on which it is issued.” § 56.021, Fla. Stat. (2009). "Subject to the provisions of s. 55.10, no judgment, order, or decree of any court shall be a lien upon real or personal property within the state after the expiration of 20 years from the date of the entry of such judgment, order, or decree.” § 55.081, Fla. Stat. (2009).

. In Petersen, 14 So.3d at 303, the second district, in discussing the circuit court’s personal jurisdiction over a defendant in an action on a judgment, wrote that "the court that rendered the judgment in the original action has continuing jurisdiction over the defendant in an action to renew the judgment.” (Emphasis added.) In Burshan, 805 So.2d at 843, this court contrasted proceedings supplementary and scire facias with an action on a judgment: "Unlike an action upon a judgment, neither proceeding renews or extends *1289 the twenty year life of a judgment." 805 So.2d at 843.

. § 95.11(1), Fla. Stat. (2009).

. Florida Rule of Civil Procedure 1.100(d) provides that "[a]ny relief available by scire facias may be granted on motion after notice without the issuance of a writ of scire facias.” It is unclear when scire facias relief is appropriate today. At one time, Florida law limited the issuance of a writ of execution to three years after the entry of a judgment. Burshan, 805 So.2d at 841. A writ of scire facias addressed this limitation. In 1924, for example, "a writ of scire facias revived a judgment and caused a writ of execution to issue after three years, but during the twenty year life of a judgment.” Id. Under current law, an execution may issue during the 20 year life of the judgment on which it is based. Id. at 839.