[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14237
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-22978-ASG

OMS COLLECTIONS, LTD.,
a Cayman Islands Company,

Plaintiff-Appellee,

versus

HENRY TIEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 16, 2015)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Henry Tien, proceeding *pro se*, appeals the district court's final entry of judgment against him and in favor of OMS Collections, Ltd. ("OMS") in OMS's Florida common law action to renew judgment, brought under diversity jurisdiction, 28 U.S.C. § 1332.  OMS filed the present action with the goal of renewing a partial final judgment, entered in a prior action, that imposed sanctions against Mr. Tien in favor of American University of the Caribbean, N.V. ("AUC N.V."), American University of the Caribbean School of Medicine ("AUCSOM"), and American University of the Caribbean ("AUC") (collectively, the "AUC entities").  On appeal, Mr. Tien advances the following arguments: (1) OMS does not have a valid interest in the underlying judgment; (2) the district court's judgment suffered from procedural defects; (3) the district court, by using the "show cause" procedure, denied him the opportunity to engage in discovery and to litigate a variety of issues; and (4) the district court improperly denied him the opportunity to file responsive pleadings.  After careful review of the parties' briefs and the record, we affirm the district court's judgment.

## I.

The genesis of this case was an interpleader action Wachovia Bank filed in 2004 to resolve conflicting claims to $90 million held in five bank accounts. *Wachovia Bank N.A. v. Tien*, 598 F. App'x 613, 614 (11th Cir. 2014).  The parties to the interpleader action included Mr. Tien and the AUC entities.  *Id.* at 614-15.

The district court in that case awarded approximately $3.4 million in sanctions to the AUC entities against Mr. Tien after finding that he owned none of the funds at issue and that he had engaged in bad faith conduct during the litigation. *Id.* at 615. In affirming the imposition of sanctions against Mr. Tien, we observed:

> [Mr. Tien] falsified corporate documents, took advantage of his family's trust, and opened secret accounts in a fictitious name, as part of a scheme to embezzle more than $61 million from AUCSOM's and his father's accounts. He knew from the outset the true ownership of the funds, but he asserted his frivolous claim of joint ownership nevertheless, and he pursued it for four years. He was uncooperative throughout discovery, an action in replevin was required to remove hundreds of boxes of corporate documents from his home, he produced the documents in a state of disarray that necessitated extensive document review, and he improperly retained possession of certain corporate assets that he transferred to his own name and used to pay his own legal and personal expenses. . . .
>
> The district court's specific findings demonstrate that [Mr. Tien] knowingly or recklessly raised and pursued frivolous claims, and his conduct caused repeated delays and disruptions to the litigation. Under the circumstances, the district court reasonably concluded that [Mr. Tien] had acted in bad faith, and its imposition of sanctions was not an abuse of its discretion.

*Wachovia Bank v. Tien*, 406 F. App'x 378, 383 (11th Cir. 2010) (citation omitted).

The AUC entities had a difficult time collecting their $3.4 million judgment despite the fact that Mr. Tien apparently owned significant assets. These assets consisted largely of ownership interests in a number of different companies including AUC, Medical Education Information Office, Inc. ("MEIO"), and American University of the Caribbean (Montserrat) ("AUC Montserrat"). Seeking

3

to satisfy the judgment, the AUC entities filed a motion to compel Mr. Tien to produce a share certificate for his ownership interest in AUC so that the AUC entities could levy execution on the shares.   The district court granted the motion.

The AUC entities obtained a writ of execution and seized the share certificate.  They then filed a motion to direct the United States Marshal to sell the shares.  Mr. Tien responded to the motion in a number of ways.  He requested that the court sell his 37.5% interest in MEIO instead of his shares in AUC.  He demanded that the court appoint a forensic accountant to appraise the values of MEIO and AUC, at the AUC entities' expense.  He also attempted to designate $100 worth of MEIO stock, $4,700 of AUC stock, and $200 of AUC Montserrat stock as exempt personal property.  Finally, he requested an evidentiary hearing regarding the value of MEIO and AUC.  The district court granted the AUC entities' motion to direct the United States Marshall to sell Mr. Tien's shares of AUC.  The AUC entities ultimately purchased Mr. Tien's shares of AUC for $1 million at the execution sale.  They filed a partial satisfaction of judgment showing that $1 million of their judgment against Mr. Tien had been satisfied.

After purchasing Mr. Tien's shares, the AUC entities assigned their remaining interests in the judgment to OMS for $10 "and other good and valuable consideration." OMS then filed the instant complaint to renew judgment against Mr. Tien, seeking the balance of the judgment owed to the AUC entities totaling

4

$2,461,855.65.  Prior to assigning their interests in the judgment, the AUC entities changed their names.  AUC became American Associated Group, Ltd. ("AAG Ltd."), AUC N.V. became American Associated Group, N.V., and AUCSOM became American Associated Group, Inc. ("AAG Inc.") (collectively, the "AAG entities").

The district court *sua sponte* ordered Mr. Tien to show cause, within 30 days of the date he was served with the complaint, why the court should not grant OMS the relief it requested.  The court then referred the show cause order to a magistrate judge.  Mr. Tien filed a motion requesting an extension of time to respond to the show cause order because he was preparing an appellate brief for this Court on the sanctions order in the prior case.  In the motion, Mr. Tien also requested that the district court suspend the deadline for him to respond to the complaint until the show cause order had been decided.  The magistrate judge summarily denied the motion.

The district court ultimately issued an order granting OMS's action to renew judgment and entered final judgment.  Mr. Tien filed a notice of appeal from the order to show cause, the order denying his motion for extension of time to respond, the order granting OMS's request to renew judgment, and the entry of final judgment against him.

Mr. Tien advances a plethora of arguments on appeal. First, he argues that OMS did not have a valid interest in the underlying judgment. Second, he maintains that the forced sale of his ownership stake in AUC suffered from procedural defects. These arguments mirror those he made in response to the AAG entities' motion to direct the U.S. Marshal to sell Mr. Tien's interest in AUC. Third, he contends the district court improperly entered judgment against him using the show cause procedure. He asserts that, as a result, he was denied the opportunity to raise a number of different issues concerning whether the assignment from the AAG entities to OMS was valid and whether he had previously satisfied the outstanding judgment by selling his AUC shares. Fourth, he argues that the district court erred by denying his request for an extension of time to file responsive pleadings until after the order to show cause had been resolved. After describing the law generally applicable to actions to renew judgment, we address each of these arguments in turn.

## II.

A complaint to renew judgment (also called an action upon judgment) is a Florida common law cause of action. *Corzo Trucking Corp. v. West*, 61 So. 3d 1285, 1288 (Fla. Dist. Ct. App. 2011). An action to renew judgment arises out of a judgment received in a prior, separate action. Under Florida law, "[e]very judgment gives rise to a common law cause of action to enforce it, called an action

on a judgment.  A judgment, whether domestic or foreign, constitutes a cause of action upon which a new and independent action may be based." *Desert Palace, Inc. v. Wiley*, 145 So. 3d 946, 947 (Fla. Dist. Ct. App. 2014) (citations omitted). "[T]he main purpose of an action on a judgment . . . was to obtain a new and independent judgment which would facilitate the ultimate goal of securing satisfaction of the original cause of action." *Corzo Trucking*, 61 So. 3d at 1288 (internal quotation marks omitted).  Thus, "[i]f the statute of limitation period has almost run on the judgment . . . the judgment creditor can start the limitation period anew by bringing an action upon the judgment." *Adams v. Adams,* 691 So. 2d 10, 11 (Fla. Dist. Ct. App. 1997) (quoting *Koerber v. Middlesex College,* 383 A.2d 1054, 1057 (Vt. 1978)).

Notably, a Florida action to renew judgment is not an opportunity to relitigate the merits of the original cause of action.  *Corzo Trucking*, 61 So. 3d at 1288.  "In defending an action on a judgment, a defendant cannot avail himself of defenses which he might have interposed in the original action."  *Id.* (internal quotation marks omitted).  This is consistent with the United States Supreme Court's interpretation of similar causes of action.  *See Milwaukee Cty. v. M.E. White Co.*, 296 U.S. 268, 275 (1935) ("A cause of action on a judgment is different from that upon which the judgment was entered. In a suit upon a money judgment for a civil cause of action, the validity of the claim upon which it was founded is

7

not open to inquiry, whatever its genesis."). "However, a defendant may interpose defenses which have arisen since the rendition of the judgment, such as payment, release, accord and satisfaction, or the [s]tatute of [l]imitations." *Corzo Trucking*, 61 So. 3d at 1288 (internal quotation marks omitted); *see also Milwaukee Cty*, 296 U.S. at 275 ("Recovery [on a cause of action on a judgment] can be resisted only on the grounds that the court which rendered it was without jurisdiction, or that it has ceased to be obligatory because of payment or other discharge, or that it is a cause of action for which the state of the forum has not provided a court . . . .") (citations omitted).

We review the district court's grant of a request to renew a judgment *de novo*, viewing the record and drawing all factual inferences in the light most favorable to the non-moving party. *See D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1225 (11th Cir. 2005) (applying standard of review for summary judgment).[1]

### III.

### A.

Mr. Tien's contention that OMS has no valid interest in the underlying judgment raises standing concerns, so we address it first. Standing is a threshold

---

[1] Our precedent sets forth no clear standard for review of a district court's grant of an action to renew judgment where the court applied the procedural mechanism of a show cause order. The parties state, without citation to case law, that the *de novo* standard applies. Because the court's order appears analogous to a grant of summary judgment, however, we apply the *de novo* standard applicable to summary judgment.

jurisdictional question we must address before considering the merits of a dispute. *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006).

We review *de novo* whether standing exists.[2] *Bischoff v. Osceola Cty., Fla.*, 222 F.3d 874, 885 (11th Cir. 2000). Although Mr. Tien raised the issue of standing before the district court, he does not explicitly do so on appeal. Nevertheless, federal courts have an independent obligation to examine standing *sua sponte*, and the question of standing is not subject to waiver. *Id.* at 877-78.

Standing requires the plaintiff to establish three elements: (1) injury-in-fact; (2) causation; and (3) redressability, that is, it must be likely, as opposed to mere speculation, that the injury will be redressed by a favorable decision. *Id.* at 1206. "The plaintiff bears the burden of establishing each of these elements." *Id.* The Supreme Court has explained the evidence necessary to prove standing at the various stages of litigation as follows:

> At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim. In response to a summary judgment motion, however, the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the

---

[2] The district court's order granting OMS's request to renew judgment does not expressly discuss standing. The absence of any explicit findings by the district court on standing does not preclude our review of the issue, however. *See Church of Scientology of Cal. v. Cazares*, 638 F.2d 1272, 1281 (5th Cir. Mar. 1981). We can uphold the district court's judgment in the absence of any "specific findings" on standing as long as "it is apparent on appeal that no genuine issue of fact exists under the proper legal analysis." *Id*.

summary judgment motion will be taken to be true.  And at the final stage, those facts (if controverted) must be supported adequately by the evidence adduced at trial.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (citations and internal quotation marks omitted).

Mr. Tien advances two arguments for why OMS lacks a valid interest in the underlying judgment (and thus has not suffered an injury-in-fact).  He first argues that no evidence in the record supports that the AAG entities are in fact the former AUC entities.  Thus, he contends (liberally construed) that OMS failed to demonstrate a validly assigned interest in the underlying judgment.  In fact, though, evidence in the record shows that the AUC entities simply changed their names to those of the AAG entities.  The deeds of assignment transferring the AAG entities' interests in the judgment plainly state that each AAG entity was formerly known as a particular AUC entity.  Mr. Tien presented no evidence to the contrary.  We therefore reject this argument.

Mr. Tien's second argument is that AUCSCOM (now AAG Inc.) was not a party to the interpleader case and therefore was not entitled to collect, renew, or assign its interest in the judgment.  This argument, too, flies in the face of the record.  In its amended entry of partial final judgment in the underlying action, the district court entered judgment against Mr. Tien and in favor of three companies, one of which was AUSCOM, in the amount of $3.4 million.  Mr. Tien provides no

10

evidence or even explanation to support his assertion that AAG Inc. was not a party to the interpleader action.  We thus reject this argument as well.

B.

Mr. Tien argues that the forced sale of his ownership interest in AUC suffered from several procedural defects.  He maintains that (1) he should have been allowed to exempt certain property from forced sale, (2) the district court should have ordered an appraisal of the value of his shares of AUC, and (3) the court should have conducted an evidentiary hearing to address the propriety of the exemptions and the value of AUC and MEIO.

As an initial matter, Mr. Tien did not raise these procedural objections to the forced sale of his AUC shares before the district court.  Therefore, the objections are waived, and we do not consider them.  *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).  Moreover, Mr. Tien cannot raise these arguments in defense of an action to renew judgment.  He should have—and indeed, did—raise them in defense of the underlying action.   As discussed above, a complaint to renew judgment does not give him a second bite at the apple. Because these arguments should have been "interposed in the original action," they are unsuitable for consideration in an action to renew judgment.  *Corzo Trucking*, 61 So. 3d at 1288.

11

C.

Mr. Tien next argues that the district court erred in using the show cause procedure to enter judgment against him and that the truncated process prevented him from litigating a number of issues.  But, a district court can enter judgment *sua sponte* as long as the parties are given adequate notice that they must present all their evidence.  *Imaging Bus. Machins, LLC. v. BancTec, Inc.*, 459 F.3d 1186, 1191 (11th Cir. 2006) (discussing summary judgment); *Massey v. Cong. Life Ins. Co.*, 116 F.3d 1414, 1417 (11th Cir. 1997) ("District courts unquestionably possess the power to trigger summary judgment on their own initiative.").  Mr. Tien provides little to no explanation how or why the district court erred in using the show cause procedure.

To the extent that Mr. Tien is arguing he received inadequate notice, his argument falls short.  The order adequately informed him that he needed to present all of his evidence by instructing Mr. Tien broadly to show cause "why the relief requested in the Complaint should not be granted."  Additionally, the district court gave Mr. Tien sufficient time to respond to the order and to present his evidence. The court gave him 30 days from service of the complaint to respond to the show cause order.   Then, after having been referred the case, the magistrate judge extended the deadline for Mr. Tien to respond to the show cause order until December 2, 2013, almost three months after the district court issued the order.

12

Although Mr. Tien may have wished for more time in which to prepare a response to the court's order, he failed to identify anything that he needed extra time to provide. We see no indication that he lacked notice of what was required of him or received insufficient time provide it.

But even accepting Mr. Tien's assertions that the somewhat abbreviated nature of the show cause procedure deprived him of the opportunity to raise certain defenses to OMS's complaint, we find no reversible error in the district court's judgment because these defenses likely would not have changed the outcome. *See Artistic Entm't, Inc. v. City of Warner Robins*, 331 F.3d 1196, 1202 (11th Cir. 2003). In his brief, Mr. Tien identifies a number of defenses he would have litigated more thoroughly if given the opportunity. First, he would have challenged the validity of the assignment of the underlying judgment from the AAG entities to OMS on the basis that (a) there was insufficient consideration for the assignment; (b) most of the deeds were not signed by both the assignee and assignor; and (c) Ernest Dover, director of AAG Ltd., was not authorized to sign the deed of assignment on AAG Ltd.'s behalf. Second, he would have demonstrated that the entire judgment had already been satisfied by the sale of his shares of AUC. None of these arguments has merit.

We can easily dispose of Mr. Tien's first argument. He is not entitled to argue invalidity of the assignment of interest from the AAG entities to OMS

13

because he was not a party to the assignment. *See Harvey v. Deutsche Bank Nat'l. Trust Co.*, 69 So. 3d 300, 304 (Fla. Dist. Ct. App. 2011); *McCampbell v. Aloma Nat'l. Bank of Winter Park*, 185 So. 2d 756, 758 (Fla. Dist. Ct. App. 1966).   His second argument fares no better.  He cannot demonstrate that he has satisfied the underlying judgment.  His shares in AUC were sold at public auction for $1 million, leaving an unpaid balance of $2,405,651.  To the extent Mr. Tien is arguing that the *procedure* by which his shares were valued and sold was improper, he was required to raise those concerns in the underlying action; his argument thus presents no valid defense to an action on judgment for the reasons described in the previous section.  *See Corzo Trucking*, 61 So. 3d at 1288.

## D.

Finally, Mr. Tien argues that the district court erred by denying his request for an extension of time to file responsive pleadings until after the order to show cause had been decided.  He maintains that he had insufficient time to research and prepare his pleadings because he had to respond to the order to show cause while simultaneously preparing briefs for this Court.

We review a district court's denial of a motion for an extension of time for an abuse of discretion.  *Young v. City of Palm Bay*, 358 F.3d 859, 863 (11th Cir. 2004).  Under that standard, "[t]he district court has a range of options," and we will affirm unless we find that the district court committed "a clear error in

14

judgment." *Id.* Mr. Tien identifies no clear error of judgment in the district court's denial of his request. Moreover, Mr. Tien has not shown what additional defenses he would have raised in responsive pleadings if the district court had granted his motion for an extension of time. An action on a judgment is a relatively simple cause of action, with few available defenses. *See Corzo Trucking*, 61 So. 3d at 1288; *Milwaukee Cty*, 296 U.S. at 275. Consequently, the district court did not abuse its discretion by refusing to grant Mr. Tien more time.

**AFFIRMED.**