# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00035-COA

**PENNY ANNETTE TAYLOR WHITE**                                        **APPELLANT**

**v.**

**JOHN ANTHONY TAYLOR**                                               **APPELLEE**

DATE OF JUDGMENT:              12/04/2017
TRIAL JUDGE:                   HON. LEE J. HOWARD
COURT FROM WHICH APPEALED:     LOWNDES COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        WILBUR O. COLOM
ATTORNEYS FOR APPELLEE:        J. HALE FREELAND
                               D. BETH SMITH
NATURE OF THE CASE:            CIVIL - OTHER
DISPOSITION:                   REVERSED AND RENDERED - 06/11/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE J. WILSON, P.J., WESTBROOKS AND McDONALD, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Penny White appeals the Lowndes County Circuit Court's denial of her motion to set aside a foreign judgment. John Taylor sought to enforce the enrollment of a Florida judgment in Mississippi that ordered White to pay him a sum of $7,000. After review of the record and applicable Mississippi and Florida law, we reverse and render a judgment in favor of White because we find that the statute of limitations has lapsed.

## FACTS

¶2.     In January 2002, the Eighteenth District Circuit Court in Seminole County, Florida entered a final judgment to dissolve the marriage between White and Taylor. In dividing their assets, the court ordered White to pay Taylor $7,000. In July 2014, after twelve years

of non-payment, Taylor filed a supplemental petition for modification and other relief in the Eighteenth District Circuit Court. In August 2014, the court found that White had failed to pay Taylor the $7,000 ordered in 2002 and that with interest the current amount owed was $19,043.57, which would continue to accrue at the rate of nine percent until paid. The Florida court also found White in contempt and addressed various matters related to the custody and support of the parties' children.

¶3. During these proceedings, both White and Taylor resided in Florida. Additionally, White owned properties in Lowndes County, Mississippi. In February 2017, Taylor filed a notice in the Lowndes County Circuit Court regarding the foreign judgment. The circuit clerk filed the notice in the court's records and sent a copy to White. At the same time, Taylor also filed a petition for a writ of execution, requesting that the Lowndes County Sheriff's Department seize White's properties to be sold at a public auction to satisfy the judgment.

¶4. In May of 2017, White filed a motion to set aside the foreign judgment, stating that the statute of limitation requirement under Mississippi Code Annotated section 15-1-45 barred the action, because more than seven years had passed since the original January 2002 judgment had been handed down. White also argued that she was not given proper notice at the time of enrollment because her Florida address was known and because she was only served by publication.

¶5. The Lowndes County Circuit Court denied White's motion to set aside the foreign judgment, finding that the 2014 judgment was a renewed or separate judgment that reset the

2

limitations period. The court also found that notice was properly given. White appeals from this judgment.

## STANDARD OF REVIEW

¶6.     "[Appellate courts] use [] a de novo standard of review when passing on questions of law including statute of limitations issues." *Estate of Puckett v. Clement*, 238 So. 3d 1139, 1144 (¶14) (Miss. 2018) (internal quotation mark omitted).

## DISCUSSION

¶7.     On appeal, White asks: (1) whether the circuit erred in denying her motion to set aside the foreign judgment, and (2) whether the 2014 supplemental judgment was a renewed judgment. Because we find these issues are intertwined, we address them together.

¶8.     In its order denying White's motion to set aside the Florida judgment, the circuit court found that the 2014 judgment was either a renewed judgment or a separate judgment that reset the limitations period. Mississippi Code Annotated section 15-1-45 (Rev. 2012) governs foreign judgments in the State of Mississippi. The statute states that an action based on a foreign judgment must commence within seven years after it was rendered or within three years if the person against whom the judgment was rendered was a Mississippi resident. Here, although White owned property in Mississippi, she was still a Florida resident, so the judgment had to be enrolled within seven years to be enforced.

¶9.     "The Mississippi Supreme Court and this Court [] hold that foreign judgments from other states are unenforceable when the enrollment statute of limitations has expired in Mississippi, even when the statute of limitations for enforcement of judgments in the initial

3

rendering state is longer." *Mabie v. Shannon*, 120 So. 3d 415, 417 (¶7) (Miss. Ct. App. 2012). *See Parker v. Livingston*, 817 So. 2d 554, 561 (¶23) (Miss. 2002); *Nat'l Enters. v. Valsamakis*, 879 So. 2d 523, 524 (¶7) (Miss. Ct. App. 2004). "However, these cases do not address whether a foreign judgment that has been renewed in accordance with the laws of the rendering state is barred by Mississippi's statute of limitations if the statute of limitations has run prior to the renewal of the judgment." *Mabie*, 120 So. 3d at 417 (¶7). "In other words, these cases do not address the question of whether a renewed foreign judgment is a new judgment for purposes of Mississippi's statute of limitations." *Id.*

¶10.   Before *Mabie*, "the question of whether a renewed or revived judgment may be enrolled and enforced in Mississippi after the statute of limitations for enrollment has expired as to the original judgment ha[d] not been directly addressed by Mississippi appellate courts." *Id.* at (¶8). The *Mabie* court looked to Florida caselaw to determine whether the renewed judgment was an extension of the original judgment or a new judgment that was entitled to full faith and credit:

> Florida case law distinguishes between an action on the judgment and post-judgment proceedings. The main purpose of an action on a judgment [a separate cause of action from the original judgment] is to obtain a new and independent judgment which would facilitate the ultimate goal of securing satisfaction of the original cause of action. Post-judgment proceedings are regarded as a continuation of the original action. A renewal of a judgment that was never paid is identified as an action on the judgment.

*Id.* at 418 (¶10) (citing *Burshan v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 805 So. 2d 835, 841 (Fla. Dist. Ct. App. 2001)). *Accord Corzo Trucking Corp. v. West*, 61 So. 3d 1285, 1289 (Fla. Dist. Ct. App. 2011); *Adams v. Adams*, 691 So. 2d 10, 11 (Fla. Dist. Ct. App. 1997).

4

The *Mabie* court ultimately ruled that "[b]ased on Florida's law on renewed judgments, Mabie's 2005 renewal of the original 1994 Florida judgment constitutes an action on the judgment, which restarts the statute of limitations." *Id.* at 418 (¶11).

¶11. The question before this Court is whether the 2014 judgment should be classified as either an action on the judgment or a post-judgment proceeding. If it is an action on the judgment, it is a renewal or separate judgment which reset the statute of limitations. But if it is the result of a post-judgment proceeding then it is only a continuation from the 2002 judgment, and the statute of limitations has lapsed.

¶12. White argues that the fact the judgment had the exact same cause number as the 2002 judgment and only calculated interest proves that it is a continuation and not a renewal or separate judgment. We agree. The Fourth District Court of Appeal of Florida held that "[a]n action on a judgment is different than post judgment proceedings, filed under the same case number as the final judgment, where the goal is to satisfy the judgment. Such proceedings are merely continuations of an action, which create nothing anew, but may be said to reanimate that which before had existence." *Corzo Trucking Corp.*, 61 So. 3d at 1289 (internal quotation marks omitted).

¶13. Here, we find that the 2014 judgment was intended to be a continuation of the 2002 proceeding and therefore was not enrolled before the statute of limitations lapsed under Miss. Code Ann. § 15-1-45.

**CONCLUSION**

¶14. Because we find that the circuit court erred, we reverse and render a judgment in favor

5

of White.

¶15.   **REVERSED AND RENDERED.**

   **BARNES, C.J., J. WILSON, P.J., GREENLEE, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.  CARLTON, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**