[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11728

Non-Argument Calendar

_____

AMERICAN UNIVERSITY OF THE CARIBBEAN,
a Cayman Islands company,

Plaintiff,

AMERICAN ASSOCIATED GROUP, LTD.,
f.k.a. American University of The Caribbean
(AUC-Cayman #1),

Plaintiff-Counter Defendant-Appellee,

*versus*

HENRY TIEN,

Defendant-Counter Claimant-Appellant,

MING TIEN,

Defendant.

———————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-21928-WPD

———————————

Before WILSON, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Henry Tien, proceeding *pro se*, appeals the district court's order granting American Associated Group's three different motions: a motion to dismiss Tien's counterclaim, a motion to strike his affirmative defense, and motion to renew a prior judgment that AAG had obtained against him. Tien asserts that the court erred in granting AAG's motions and in entering judgment for AAG because he is unable to pay the judgments against him and has not paid any money to AAG in the last five years. After careful review, we affirm.

Mr. Tien owes AAG money; in 2016, the Southern District of Florida ordered him to pay $186,863 plus interest in a civil fraud judgment. Trouble is, Tien doesn't have a cent to his name. Even so, in 2021, AAG moved to renew the 2016 judgment; Tien

mounted a counterclaim and affirmative defense in response, and AAG successfully quashed both.  We review the issues *de novo*.  *See Hopper v. Solvay Pharms., Inc.,* 588 F.3d 1318, 1324 (11th Cir. 2009)

Florida common law recognizes a cause of action empowering a judgment creditor to renew a judgment in its favor—the purpose being to allow a creditor to re-start the statute of limitations by bringing a new action to secure satisfaction.  *Corzo Trucking Corp. v. West*, 61 So.3d 1285, 1288 (Fla. Dist. Ct. App. 2011).  The Florida Supreme Court has held that a judgment "constitutes a cause of action upon which a new and independent action may be based."  *Crane v. Nuta*, 26 So.2d 670, 671 (Fla. 1946).  Tien cannot resist the renewed judgment by relitigating the merits of the original cause of action.  *See Klee v. Cola*, 401 So.2d 871, 872 (Fla. Dist. Ct. App. 1981) ("The merits of an original cause of action may not be re-litigated in an action on a judgment.")  Rather, he can resist it only on procedural grounds "which have arisen since the rendition of the judgment, such as payment, release, accord and satisfaction, or the statute of limitations."  *Corzo Trucking*, 61 So.3d at 1288 (quotation omitted).  None of those grounds applies here.

Tien's primary argument is that he doesn't have the money to pay for the judgments against him, but he fails to cite any authority suggesting that inability to pay is a valid ground for resisting an action to renew and collect on those judgments.  It may well be that Tien can't pay, but AAG's judgment is nonetheless valid and outstanding—and it therefore meets the requirements for a renewal-of-judgment action under Florida law.  *See Crane*, 26 So.2d at

671.  His secondary arguments all attack the merits or the pre-judgment procedures from the original action.  These are beyond the scope of a renewal matter.  *See Klee*, 401 So.2d at 872.  Thus, the district court did not err in dismissing Tien's counterclaim, striking his affirmative defense, and entering renewed judgment for AAG.

**AFFIRMED.**